### E. N. HOOPER v. TALLASSEE POWER COMPANY.

#### (Filed 24 December, 1920.)

**Official Bonds—Deeds and Conveyances—Mortgages—Registration—Statutes—Purchasers.**

> The mortgage or deed in trust permitted by Rev., 265, to be given in lieu of an official bond, is, as to proper registration, to be regarded as a mortgage, or deed in trust, and accordingly registered as the law requires, construing the statute strictly, as required; and its entry upon the records in the clerk's office as a bond, alone, without recording it in its proper place as a mortgage, is insufficient to give notice to, or priority of lien, over a deed of a subsequent purchaser of the land.

APPEAL by plaintiff from *Ray, J.,* at the September Term, 1919, of GRAHAM.

This is an action to recover land, in which there was a judgment for the defendant, and the plaintiff appealed.

*J. M. Moody for plaintiff.*
*R. L. Phillips and S. W. Black for defendant.*

ALLEN, J. The State issued grants to J. J. Colvard, covering the land in controversy, under whom both plaintiff and defendant claim.

Colvard, described in one part of the record as treasurer of Graham County, and in another as tax collector, executed a mortgage to the clerk of the Superior Court in lieu of an official bond, as is allowed under Rev., 265, and it is under this mortgage the plaintiff claims.

Thereafter the said Colvard conveyed the land to J. W. Adams, who is admitted to be a purchaser for full value, by deed which was duly registered, and it is further admitted that the defendant has a connected chain of title from Adams.

The mortgage was copied in the official bond book kept in the office of the register of deeds, and there was no other registration until after the purchase by Adams from Colvard, nor was the mortgage indexed in the general index of deeds and mortgages, or in the bond book.

The question therefore presented on this phase of the title is whether copying in the official bond book is a legal registration, because if it is the plaintiff has the older and better title from Colvard, while if the mortgage was not registered according to law, the title is in the defendant through the deed to Adams, as it is "Settled beyond controversy that as against purchasers for value an unrecorded mortgage has no validity, either by way of passing the title or creating a lien, equitable or otherwise." *Wood v. Tinsley,* 138 N. C., 510.

The statute (Rev., 265) permits the execution of a mortgage or deed in trust in lieu of an official bond, but the "Statute is exceptional in its provisions, and must be strictly observed" (*Eshon v. Comrs.*, 95 N. C., 76), and the instrument when so executed is still a mortgage or trust deed and not a bond, and must be legally registered before it can prevail against the registered deed of a subsequent purchaser.

The purpose of the registration laws "Is to give notoriety as to the existence and extent of mortgages and deeds of trust" (*DeCourcy v. Barr*, 45 N. C., 187); no notice, however clear, will supply the place of registration (*Hinton v. Leigh*, 102 N. C., 31), and registration means more than copying on a book in the register's office, as is shown by numerous cases holding that a mortgage transcribed on a book kept for that purpose was not registered so as to affect a subsequent purchaser, if the probate was defective, the Court holding "that what was not done in due form was not done at all in contemplation of law." *Todd v. Outlaw*, 79 N. C., 239, and citations.

In some States where registration is required in a particular book, it is held that copying in the wrong book is no registration, and in a Vermont case that, "The record of a mortgage will not impart notice to subsequent purchasers or creditors, where it has been made by the officer intrusted with the duty of recording deeds, on the back leaf of a book which had been filled by the records of prior deeds, for twelve years past, and had since that time ceased to be used for recording purposes, and where moreover the names of the parties to the mortgage were not entered in the index to the records."   19 R. C. L., 426.

These authorities and others proceed upon the idea that as the law fixes a subsequent purchaser with notice of all incumbrances properly on the registration books, although he may overlook them after diligent investigation, it is but fair and just, for the protection of the purchaser, that the incumbrance should be legally on a book kept for the registration of instruments.

The purchasers should not be required, in addition to examining indexes, to search every book in the office of the register of deeds, although bearing labels having no relation to deeds and mortgages.

The register is required to keep a record of "vital statistics," and he is the custodian of the minutes of the commissioners, which are preserved in regularly bound volumes.

Must the purchaser look through these records, and if he fails to do so and the register has by mistake copied a mortgage on one of them, is the purchaser bound as by a duly registered mortgage?

We think not, and the same reasoning would make it unnecessary to examine a bond book, in which it could not be reasonably expected that a mortgage would be found.

*Ely v. Norman,* 175 N. C., 294, on which the plaintiff relies, instead of being an authority against this position, strongly supports it.

In that case the defendant executed a lien on crops to secure advances, and in the same instrument conveyed a tract of land as security for the debt. The instrument was registered in a book for agricultural liens, but it was indexed and cross indexed so that it could be easily found, and the Court held that it was legally registered.

It is pointed out in the opinion that our statutes do not require registration "in any special book or one of any particular kind of description," but the Court adds, "Undoubtedly they should put in a book recognized and used in the office for recording instruments," which is substantially a decision of the present question, because the mortgage under which the plaintiff claims was not "in a book recognized and used in the office for recording instruments."

We are therefore of opinion the mortgage under which the plaintiff claims was not registered according to law, and that the plaintiff's title must fail.

We do not put our decision on failure to index and cross index, recognizing the correctness of the principles announced in *Fowle v. Ham,* 176 N. C., 12.

There are other irregularities in the title, which we need not consider, as the one decided settles the controversy.

Affirmed.