HAYDEN CLEMENT, TRUSTEE, ET AL. v. J. F. HARRISON ET AL.

(Filed 25 May, 1927.)

**Records—Deeds and Conveyances—Index Book—Registration—Mortgages
—Liens—Priority of Lien—Statutes.**

The requirements of C. S., 3560, as to the indexing of deeds and con-
veyances by the register of deeds of the proper county, among other
things, under the proper initial letters of the surname of the grantors, etc.,
does not extend to instances where these index books have been provided

for the register of deeds with further subdivisions of the letters, alphabetically arranged, and where a mortgage has been registered under its appropriate letter, as the statute requires, it will not lose its priority of lien, because not placed under the alphabetical subdivision of the letter.

CIVIL ACTION, before McElroy, J., at November Term, 1926, of ROWAN.

The judgment containing the findings of fact pertinent to the controversy is as follows: "It appearing to the satisfaction of the court that the plaintiffs caused a restraining order to be issued against B. A. Fisher, trustee, Bank of Rockwell, G. R. Uzzell, and others, to restrain a sale of the property described in the pleadings, pursuant to the terms of a mortgage trust deed executed by J. F. Harrison and wife, Mamie E. Harrison, to B. A. Fisher, trustee, for the Bank of Rockwell, and that the sale took place on 13 November, 1926, and that the real estate was bid in by G. R. Uzzell at the price of $1,700, and that the sale was left open for an increased bid, and that during the time between the day of sale and time allowed by law for increased bid the plaintiffs caused a restraining order to be issued against the defendants, as set out in the pleadings.

"The court finds the following facts, to wit:

"1. That the register of deeds of Rowan County has in his office an alphabetical index to real estate mortgages with a subdivision of each letter showing the alphabetical letter next in order to the title letter, beginning with 'A' and ending with 'Z,' and that the index was introduced in evidence, and that the alphabetical index to mortgages mentioned above under the letter 'H' is subdivided as follows: (1) 'Haa' to 'Hap,' (2) 'Har' to 'Haz,' (3) 'He,' (4) 'Hi,' (5) 'Ho,' (6) 'Hu' to 'Hy.'

"2. That on 16 January, 1919, J. F. Harrison and wife, Mamie E. Harrison, executed a deed of trust on the real estate in controversy to Hayden Clement, trustee, which mortgage deed of trust was registered in Book of Mortgages No. 63, page 153, register's office of Rowan County, but this mortgage, or mortgage trust deed, was indexed under the subdivision of 'Haa' to 'Hap,' and not under the subdivision of 'Har' to 'Haz.'

"3. That on 20 August, 1923, J. F. Harrison and wife, Mamie E. Harrison, executed a mortgage trust deed to B. A. Fisher, trustee, to secure the sum of $1,600 due the Bank of Rockwell, and this mortgage trust deed is registered in Book of Mortgages No. 85, page 284, in the office of the register of deeds of Rowan County, and is indexed under the alphabetical subdivision of 'Har' to 'Haz.'

"4. The defendants B. A. Fisher, trustee, and the Bank of Rockwell caused the real estate described in the mortgage executed by J. F. Harrison and wife to be advertised according to the terms of the mortgage,

CLEMENT *v.* HARRISON.

and sold the same at public auction on 13 November, 1926, and that said property was bid in by G. R. Uzzell at the price of $1,700.

"5. That the real estate described in the mortgage trust deed from J. F. Harrison and wife, Mamie E. Harrison, to Hayden Clement, trustee, is the same property as described in the mortgage trust deed from J. F. Harrison and wife, Mamie E. Harrison, to B. A. Fisher, trustee.

"The defendants B. A. Fisher, trustee, Bank of Rockwell, and G. R. Uzzell moved to dismiss and discharge the restraining order issued in this case, for the reason that the mortgage trust deed executed by J. F. Harrison and wife, Mamie E. Harrison, to Hayden Clement, trustee, was not properly indexed, as required by law, and was not under the proper alphabetical subdivision of the letter 'H.' The plaintiffs resisted the motion, and contended that the index does not constitute a material part of the registration, and further contended that the mortgage trust deed executed by J. F. Harrison and wife to Hayden Clement, trustee, was duly registered and was properly indexed, although it was not indexed under the subdivision of 'Har' to 'Haz,' and contended that while it was indexed under the subdivision of 'Haa' to 'Hap,' the index was sufficient.

"After hearing the argument, pro and con, the court is of opinion, and so finds:

"That the index of the mortgage from J. F. Harrison and wife to Hayden Clement, trustee, under the subdivision of 'Haa' to 'Hap' is a substantial compliance with section 3561, and is a sufficient indexing, and that it was not necessary for the mortgage trust deed to Hayden Clement, trustee, to be indexed under the subdivision of 'Har' to 'Haz,' and that the mortgage was properly indexed, and continues the restraining order issued in this case."

From the foregoing judgment the defendant appealed.

*Clement & Clement and Hudson & Hudson for plaintiff.*
*R. Lee Wright for defendant.*

BROGDEN, J. The question is this: Is a mortgage or deed of trust, which has been duly and properly registered and indexed under the "appropriate letter of the alphabet," invalid by reason of the failure of the register of deeds to index the mortgage under a subdivision or catchhead of the "appropriate letter of the alphabet"? Or, to state the proposition differently, would a mortgage or deed of trust so registered take priority over a subsequent mortgage or deed of trust properly indexed and registered under the subdivision or "catch-head" of the appropriate letter of the alphabet?

It appears from the judgment in this case that the register of deeds of Rowan County kept in his office an alphabetical index to real estate

mortgages. The letter "H" in such index is subdivided as follows: "Haa" to "Hap." "Har" to "Haz." "He." "Hi." "Hu" to "Hy." As the mortgage in controversy was executed by the defendants J. F. Harrison and wife, it was necessary to index and cross-index this instrument under the "appropriate letter of the alphabet," which, of course, was the letter "H." Under the subheads of the index, kept by the register of deeds, this mortgage or deed of trust should have been indexed under the subhead "Har" to "Haz," but as a matter of fact it was actually indexed under the subdivision of "Haa" to "Hap." If the indexing and cross-indexing of this deed of trust under the wrong subdivision is invalid, then the plaintiff has lost his lien securing the payment of the sum of $1,350, evidenced by the notes described in the deed of trust.

The indexing of deeds and deeds of trust and mortgages is an essential part of the registration thereof. *Ely v. Norman,* 175 N. C., 298; *Fowle v. Ham,* 176 N. C., 12; *Mfg. Co. v. Hester,* 177 N. C., 609; *Wilkinson v. Wallace,* 192 N. C., 156.

Our case presents the question as to what constitutes sufficient indexing and cross-indexing. C. S., 3560 and 3561, contain the statutory essentials of sufficient indexing and cross-indexing. C. S., 3561, provides: "The register of deeds shall provide and keep in his office full and complete alphabetical indexes of the names of the parties to all liens, grants, deeds, mortgages, bonds, and other instruments of writing required or authorized to be registered; such indexes to be kept in well-bound books, and shall state in full the names of all the parties, whether grantors, grantees, vendors, vendees, obligors, or obligees, and shall be indexed and cross-indexed, within twenty-four hours after registering any instrument, so as to show the name of each party under the appropriate letter of the alphabet; and reference shall be made, opposite each name, to the page, title, or number of the book in which is registered any instrument. A violation of this section shall be a misdemeanor." C. S., 3560, apparently contemplates that the index provided by the county commissioners shall be one book, constituting a general index of all instruments admitted to registration or required to be registered. The only requirement of cross-indexing specified in the statute is that such index and cross-index shall "show the name of each party under the appropriate letter of the alphabet, and reference shall be made opposite each name to the page, title, or number of the book in which is registered any instrument."

The deed of trust in controversy was properly registered in a book containing real estate conveyances. It was indexed and cross-indexed under the letter "H," which is the "appropriate letter of the alphabet," and the cross-index referred to the page, title, or number of the book

in which the instrument had been duly registered. The statute, upon its face, apparently does not contemplate the division of the index into subheads. This division of the index into subheads has been installed in many counties for the convenience of parties who are compelled to examine the public records. Undoubtedly the method of subdividing the index is modern and efficient, and relieves the members of the profession particularly from a vast amount of unnecessary labor in passing upon titles; but, under the statute, as written, the only requirement is that the instrument should be indexed and cross-indexed under the "appropriate letter of the alphabet." This has been done. As to whether the statute should be amended so as to include "catch-heads" or subdivisions of the appropriate letter is not a matter for us to determine. It is our duty to construe the law as it is written. In the recent case of *Bank v. Harrington,* decided 27 April, 1927, the Court was evenly divided upon the question as to whether a real estate mortgage registered in a chattel mortgage book and cross-indexed on a chattel mortgage index was a sufficient registration of the instrument. There is a wide and fundamental difference between this case and the *Harrington case* referred to. In this case the deed of trust was recorded in the proper book. It was indexed on the general index for real estate conveyances, and furthermore, it was indexed and cross-indexed under the appropriate letter of the alphabet.

We therefore concur with the trial judge, declaring that the instrument was sufficiently registered and indexed so as to constitute a lien upon the land.

Affirmed.

---

R. H. WELCH v. DORA GRICE NEWBERN ET AL.

(Filed 23 February, 1927.)

APPEAL by defendants from *Nunn, J.,* at September Term, 1926, of PASQUOTANK.

Controversy without action, to determine validity of title to a tract of land, submitted on an agreed statement of facts.

*Aydlett & Simpson for plaintiff.*
*Thos. J. Markham for defendants.*

PER CURIAM. This is a controversy without action, to settle the title to a tract of land, submitted on an agreed statement of facts, but as the facts appearing of record are not sufficiently full to warrant the Court in determining the question—in that, it is not specifically stated

whether the West End Land and Improvement Company ever sold any lots with reference to the map recorded in Book 27, at page 526, upon which the word "Park" appears—the cause is remanded to the Superior Court of Pasquotank County for further proceedings in accordance with the usual course and practice in such cases.

Remanded.

---

BOARD OF DRAINAGE COMMISSIONERS OF PANTEGO RUN DISTRICT, BEAUFORT COUNTY DRAINAGE DISTRICT No. 14, v. J. A. WILKINSON.

(Filed 23 February, 1927.)

APPEAL by defendant from *Daniels, J.,* 19 January, 1927, BEAUFORT Superior Court. Affirmed.

*Tooly & McMullan for plaintiff.*
*Small, McLean & Rodman for defendant.*

PER CURIAM. From an examination of the record we think the statute has been substantially complied with. We see no reason why the legislative ratification is not substantially sufficient. *Board of Education v. Comrs.,* 183 N. C., p. 302; *Construction Co. v. Brockenbrough,* 187 N. C., p. 77; *Storm v. Wrightsville Beach,* 189 N. C., at p. 683.

We can find no prejudicial or reversible error. The judgment below is Affirmed.

---

CORNELIA T. JESSUP ET AL. v. THOMAS NIXON.

(Filed 23 February, 1927.)

APPEAL by defendant from *Grady, J.,* at August Special Term, 1926, of PERQUIMANS.

Motion by defendant for judgment dismissing the action at the cost of the plaintiffs, in accordance, as he contends, with the opinion of the Supreme Court, rendered 19 September, 1923, and duly certified to the Superior Court of Perquimans County. From an order denying this motion and leaving the cause on the docket for trial, the defendant appeals, assigning error.

*McMullan & Leroy and Ehringhaus & Hall for plaintiffs.*
*Whedbee & Whedbee, H. S. Ward, S. C. Bragaw and Thompson & Wilson for defendant.*

BOSWELL *v.* CHAPPELL.

PER CURIAM. .This case was before us at the Fall Term, 1923, and is reported in 186 N. C., 100. The defendant's exception to the refusal of the trial court to grant his motion for judgment as of nonsuit was duly presented on the original hearing, but·was not sustained. Certain peremptory instructions were held to·be erroneous. Hence, the necessary effect of the rulings was to remand the cause for a new trial, the appeal being from a judgment rendered on a verdict of the jury, and the demurrer to the evidence not being sustained.

Affirmed.

CONNOR, J., did not sit.

---

W. L. BOSWELL, E. L. BOSWELL, FARMERS PEANUT COMPANY, AND W. S. PRIVOTT, TRUSTEE, v. R. E. CHAPPELL AND H. R. LEARY, TRUSTEES.

(Filed 23 February, 1927.)

APPEAL by plaintiffs from *Nunn, J.,* at December Term, 1926, of CHOWAN. Reversed.

Action by plaintiffs against defendants to cancel certain notes secured by deed of trust to defendant, H. R. Leary, trustee, on the ground that they were paid, and to have said trustee to cancel said deed of trust in the office of the register of deeds of Chowan County, N. C., for restraining ·order, etc.

Upon motion of defendants, the court below rendered judgment as in case of nonsuit against plaintiffs and they assigned error and appealed to the Supreme Court.

*P. W. McMullan and W. D. Pruden for plaintiffs.*
*Lloyd Griffin and Ehringhaus & Hall for defendants.*

PER CURIAM. The evidence is to be taken in the light most favorable to plaintiffs, and they are entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

We think there was sufficient evidence, more than a scintilla, to be submitted to the jury as to payment of the notes. As the case goes back to be heard before a jury, we will not set out the evidence.

For the reasons given the judgment is
Reversed.

### CATHARINE W. BROWN v. E. F. AYDLETT ET AL.

(Filed 23 February, 1927.)

APPEAL by plaintiffs from *Nunn, J.,* at September Term, 1926, of PASQUOTANK.

Civil action to restrain the foreclosure of a deed of trust, it being alleged by the plaintiffs and denied by the defendants that the notes, secured by said deed of trust, have been paid, or that the balance due thereon, if any, cannot be ascertained until the controversy between P. H. Williams, receiver, and Catharine W. Brown, administratrix, as to the ownership of said notes is determined, which said controversy is now pending in the Superior Court of Pasquotank County.

From a judgment dissolving the temporary restraining order issued herein, but continuing the same until the matter could be passed upon by the Supreme Court, the plaintiffs appeal, assigning error.

*W. L. Small and Ehringhaus & Hall for plaintiffs.*
*P. H. Bell for defendants.*

PER CURIAM. It appearing that a serious controversy exists between the parties, and that no harm can result from continuing the restraining order to the hearing, while a contrary ruling might work serious injury to the plaintiffs, we are of opinion that under authority of *Wentz v. Land Co., ante,* 32, and cases there cited, the restraining order should have been continued to the final hearing.

Error.

---

### J. B. COLT CO., INC., v. J. W. TARKENTON.

(Filed 2 March, 1927.)

APPEAL by plaintiff from *Calvert, J.,* at August Term, 1926, of BERTIE.

Civil action to recover on two promissory notes. The execution of the notes was admitted, but the defendant set up a counterclaim for breach of warranty in the sale of the goods for which the notes were given; whereupon issues were submitted to the jury and answered as follows:

"1. In what sum, if any, is the defendant indebted to the plaintiff on the notes sued on? Answer: $211.40, with interest on $68.20 from 1 November, 1923, and with interest on $143.20 from 1 November, 1924.

STATE *v.* HUNT.

"2. Did the plaintiff warrant the generator to be automatic in action and of good material and workmanship, as alleged by the defendant? Answer: Yes.

"3. Was there a breach of said warranty as alleged by the defendant? Answer: Yes.

"4. If so, what damages, if any, is the defendant entitled to recover of the plaintiff because of such breach of warranty? Answer: $286.40, with interest."

From a judgment on the verdict in favor of the defendant for $75.00 and interest, the plaintiff appeals, assigning errors.

*Craig & Pritchett for plaintiff.*
*Winston, Matthews & Kenney for defendant.*

PER CURIAM. The controversy on trial narrowed itself to issues of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case has been heard and determined substantially in accord with the principles of law applicable, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible or prejudicial error.

The exceptions relating to the admission and exclusion of evidence, and those to the charge, including exception to the prayer for special instruction tendered and refused, must all be resolved in favor of the validity of the trial; the case presents no new question of law, or one not heretofore settled by our decisions; the verdict and judgment will be upheld.

No error.

---

STATE v. RAY HUNT.

(Filed 2 March, 1927.)

APPEAL by defendant from *Sinclair, J.,* at March Term, 1926, of LEE.

Criminal prosecution tried upon an indictment charging the defendant with manufacturing spirituous liquors in violation of law.

From an adverse verdict and judgment of eighteen months on the roads the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Hoyle & Hoyle for defendant.*

53—193

PER CURIAM. We are unable to say, from the record as presented, that the irregularities in the selection of the juries, grand and petit, of which the defendant complains, were such as could not be waived, but may now be invoked and brought to the aid of the defendant on his motion in arrest of judgment.

The defendant was not represented by counsel at the trial, and his appeal is from the court's refusal to arrest the judgment. The irregularities were not sufficient to vitiate the trial.

Affirmed.

---

STATE OF NORTH CAROLINA ON RELATION OF NORTH CAROLINA CORPORATION COMMISSION, v. HARNETT COUNTY TRUST COMPANY (A CORPORATION).

(Filed 2 March, 1927.)

APPEAL by B. P. Gentry *et al.* from *Cranmer, J.,* at November Term, 1926, of HARNETT. Appeal dismissed.

*Clifford & Townsend and Charles Ross for appellants.*
*A. A. F. Seawell and K. R. Hoyle for appellees.*

PER CURIAM. The appellants entered a special appearance and moved that as to them the action be dismissed. The motion was denied, and they excepted and appealed.

The appeal must be dismissed. It is fragmentary and premature. An appeal from an interlocutory order will not ordinarily be entertained. *Watts v. Staton,* 191 N. C., 215; *Bradshaw v. Bank,* 172 N. C., 632; *Mann v. Gibbs,* 156 N. C., 44; *Turner v. Holden,* 109 N. C., 182; *Guilford v. Georgia Co., ibid.,* 310.

Appeal dismissed.

---

CLAUD GREENE v. VANN & BROTHER.

(Filed 2 March, 1927.)

CIVIL ACTION, before *Calvert, J.,* at October Term, 1926, of HERTFORD. This was an action for damages for unfair competition.

The issues and answers of the jury thereto were as follows:

1. Did the defendants wilfully injure or undertake to destroy or injure the business of plaintiff with the purpose or intention of attempting to fix the prices of the commodities referred to when the competition was removed? Answer: No.

2. If so, what actual damages, if any, has plaintiff sustained by reason of same? Answer: .... ........

Upon the verdict judgment was entered in favor of defendants, and the plaintiff appealed.

*J. C. B. Ehringhaus, Bridger & Eley and Craig & Pritchett for plaintiff.*

*W. W. Rogers, W. H. S. Burgwyn and Stanley Winborne for defendants.*

PER CURIAM. This controversy in its final analysis involves issues of fact only. The jury found the facts against the plaintiff upon a fair and proper charge by the court. All errors assigned by the plaintiff have been carefully examined, and upon the whole record we find no error of law warranting a new trial. The judgment is therefore

Affirmed.

---

### J. A. PURVIS v. J. W. BEAN.

(Filed 9 March, 1927.)

APPEAL by defendant from *Cranmer, J.,* at August Term, 1926, of CHATHAM.

Civil action to recover damages for the alleged seduction of plaintiff's minor daughter.

From a verdict and judgment in favor of plaintiff the defendant appeals, assigning errors.

*Siler & Barber for plaintiff.*
*C. N. Cox and Long & Bell for defendant.*

PER CURIAM. The controversy on trial narrowed itself to issues of fact, which the jury alone could determine. A careful perusal of the record leaves us with the impression that the case was heard and determined substantially in accord with the principles of law applicable, and that the validity of the trial should be sustained. All matters in dispute have been settled by the verdict, and no action or ruling on the part of the trial court has been discovered by us which we apprehend should be held for reversible or prejudicial error. The case presents no new question of law, or one not heretofore settled by our decisions. *Tillotson v. Currin,* 176 N. C., 479.

The verdict and judgment will be upheld.

No error.

---

F. S. ROYSTER GUANO COMPANY, INC., AND BLOUNT-HARVEY COM-
PANY, INC., v. L. W. WILSON AND WIFE, MAGGIE WILSON.

(Filed 16 March, 1927.)

APPEAL by plaintiffs from *Sinclair, J.,* at September Term, 1926, of
PITT. Affirmed.

*Blount & James for plaintiffs.*
*F. C. James & Son for defendants.*

PER CURIAM. This is an action by plaintiffs against defendants. The
first cause of action is to recover the sum of $975.20 and interest from
defendant, L. W. Wilson, on a note executed 18 January, 1922, to
Blount-Harvey Company, or order, as agent for F. S. Royster Guano
Company. The indebtedness was alleged to have been contracted in the
year 1920 for fertilizer.

The second cause of action is to set aside a deed conveying three
tracts of land, made by L. W. Wilson, 10 December, 1920, after the
indebtedness was contracted, to his wife, Maggie Wilson, recorded in
register of deeds office in Pitt County, Book S-13, p. 368, when heavily
indebted at the time, same being fraudulent and void as to creditors
and of no effect against plaintiffs.

The defendant, L. W. Wilson, in answer (1) Admits the debt; and
in further answer says (2) that the deed to his wife was made for a
valuable consideration; that the land was purchased with his wife's
money and by inadvertence or oversight taken in his name. "And these
defendants, both of them, most emphatically deny that the said con-
veyance of 10 December, 1920, was made to hinder, delay or defeat any
of the rights of the plaintiffs or to defraud any one, but was made in
furtherance of promises repeatedly made several years prior thereto to
convey the lands to the said Maggie Wilson, the same having been pur-
chased and paid for with funds belonging to her. . . . That the
fact is that in January, 1921, the plaintiffs knew of the conveyance
to Maggie Wilson on 10 December, 1920, and called it to the attention
of the defendant L. W. Wilson, and asked him to give a new note and
have his wife join with him in the execution, and that his wife at that
time refused to sign any note whatsoever." (3) Pleads the statute of
limitations: "That more than three years have elapsed since the execu-
tion and registration of the deed from L. W. Wilson to Maggie Wilson,
dated 10 December, 1920, and recorded in Book S-13, page 368, and
these defendants both plead the three-year statute of limitations in bar
of any recovery of this action; that more than three years have elapsed

since it came to the actual knowledge of the plaintiffs that the deed of 10 December, 1920, from L. W. Wilson to Maggie Wilson, recorded in Book S-13, p. 368, has been executed, and these defendants plead the three-year statute of limitations in bar of any recovery of this action."

Since the institution of the action, Maggie Wilson has died, and her children made parties. The minors are duly represented by guardian *ad litem.*

At the close of plaintiff's evidence the defendants made a motion for judgment as in case of nonsuit on the second cause of action, which the court below granted. The plaintiffs assigned error and appealed to this Court. Plaintiffs introduced the deed from L. W. Wilson to his wife, reciting a consideration of $3,000. We think, under all the facts and circumstances of this case, the nonsuit was properly granted. See *Latham v. Latham,* 184 N. C., p. 55. The judgment below is

Affirmed.

---

## BURKE HEAD v. L. H. HEAD.

(Filed 23 March, 1927.)

APPEAL by defendant from *Daniel, J.,* WAYNE Superior Court. Affirmed.

*D. C. Humphrey for plaintiff.*
*Wyatt E. Blake for defendant.*

PER CURIAM. This is a submission of controversy without action. The sole question to be determined: Does Burke Head own said lands in fee, subject to the life estate of Lizzie Head therein, or does he own only a life estate therein subject to a life estate of Lizzie Head therein?

The judgment of the court below was as follows: "It is thereupon considered and adjudged by the court that Burke Head owns said land in fee, subject to the life estate of Lizzie Head." The construction of the deed given by the court below we think correct, from the language and intention gathered from the entire instrument.

We think the decision of the court below in accordance with the authorities in this State. There is no new or novel proposition of law involved in the controversy. The judgment of the court below is

Affirmed.

KELLEY BATTS, BY A. W. CRAWLEY, HIS NEXT FRIEND, v. E. I. DUPONT DE NEMOURS COMPANY AND A. T. FULGHUM.

(Filed 23 March, 1927.)

APPEAL by plaintiff from *Bond, J.,* at October Term, 1926, of WAKE.

*Morris & Parker, Bart M. Gatling and W. F. Evans for plaintiff.*
*Biggs & Broughton for I. E. DuPont de Nemours Company.*

PER CURIAM. The DuPont de Nemours Company filed a petition for the removal of this cause from the Superior Court of Wake County to the United States District Court for the Eastern District of North Carolina for alleged diversity of citizenship, separable controversy, and fraudulent joinder of parties. The petition was allowed, and the plaintiff excepted and appealed. We find no error. Judicial Code, ch. 3; Rose's Fed. Jurisdiction, ch. 13; *R. R. v. Allison,* 190 U. S., 326, 47 Law Ed., 1079; *Van Dyke v. Ins. Co.,* 192 N. C., 206; *Huntley v. Express Co.,* 191 N. C., 696; *Johnson v. Lumber Co.,* 189 N. C., 81.

The judgment is
Affirmed.

STATE v. B. B. TOMLINSON, JR.

(Filed 23 March, 1927.)

APPEAL by defendant from *Bond, J.,* at October Term, 1926, of FRANKLIN.

Criminal prosecution tried upon an indictment charging the defendant with the felonious seduction of an innocent and virtuous woman, under promise of marriage, contrary to the provisions of the statute, C. S., 4339, in such cases provided, and against the peace and dignity of the State.

From an adverse verdict and sentence of twelve months in the State's prison, the defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Ben T. Holden and Edward F. Griffin for defendant.*

PER CURIAM. The defendant relies chiefly upon his exception to the refusal of the court to grant his motion for judgment as of nonsuit, duly made under C. S., 4643, first at the close of the State's evidence and renewed at the close of all the evidence.

From a careful perusal of the record, viewing the evidence in its most favorable light for the prosecution, the accepted position on a motion of this kind, we are convinced that the case was properly submitted to the jury. No benefit would be derived from detailing the testimony of the several witnesses, as the principal question before us is whether it is sufficient to carry the case to the jury, and we think it is.

The exceptions relating to the admission and exclusion of evidence and those addressed to portions of the charge must all be resolved in favor of the validity of the trial.

The verdict and judgment will be upheld.

No error.