E. C. WEST v. NORA HINTON JACKSON AND HUSBAND,
TOM JACKSON, ET AL.

(Filed 21 May, 1930.)

**Mortgages C c—Index of mortgage on land held by entireties under "J. H. and wife" held sufficient.**

> Where the husband and wife mortgage their lands held by the entireties and the mortgage is indexed and cross-indexed under "J. H. and wife," the name of the wife not appearing on the index although it appeared on the mortgage deed: *Held*, the index is sufficient to put a reasonable man upon inquiry which would have disclosed the facts, and upon the husband's death and the wife's remarriage, a mortgage given by the wife and her second husband is subject to the first mortgage, and the subsequent mortgagee is charged with notice thereof, and he may not restrain the first mortgagee from foreclosing his mortgage on the ground of insufficient indexing, C. S., 3561, although the name of the wife should have appeared on the index.

CIVIL ACTION, before *Barnhill, J.,* at November Term, 1929, of HARNETT.

H. T. Lee and wife conveyed a certain tract of land in Harnett County to Jesse Hinton and wife, Nora Hinton, constituting an estate by entirety. Thereafter Jesse Hinton and wife, Nora Hinton, secured a loan through J. C. Clifford, an attorney of Dunn, North Carolina, and to secure the note evidencing said loan, executed and delivered a deed of trust to said Clifford, trustee, which deed of trust was duly recorded in Book of Deeds 205, page 232, in the office of the register of deeds for Harnett County. Thereafter, on or about 2 June, 1924, Jesse Hinton died. Subsequently on or about 10 February, 1925, Nora Hinton applied to the plaintiff for a loan of $400. The plaintiff alleges that he examined the records of Harnett County and found no lien or encumbrance indexed or cross-indexed in the name of Nora Hinton, and thereupon made the loan for $400. Thereafter, in December, 1926, Nora Hinton married the defendant, Tom Jackson. The note secured by the deed of trust to J. C. Clifford, trustee, was not paid and in the spring of 1927 said Clifford advertised the property for sale under and by virtue of the terms of said deed of trust.

The plaintiff instituted this action to restrain the sale, alleging that the Clifford deed of trust was not properly indexed and cross-indexed, and that his deed of trust for $400 was a prior lien upon the premises. The record discloses that the deed from Lee and wife to Jesse Hinton and wife was indexed and cross-indexed, "Jesse Hinton and wife," without naming the wife. The deed of trust from Jesse Hinton and wife to J. C. Clifford, trustee, was also indexed and cross-indexed in the name of "Jesse Hinton and wife," the name of the wife not appearing upon the index or cross-index.

Issues were submitted to the jury and by peremptory instructions of the court answered in favor of defendants, the trial judge being of the opinion that the indexing and cross-indexing was a sufficient compliance with the statute.

From judgment rendered upon the verdict, the plaintiff appealed.

*James Best for plaintiff.*
*Clifford & Williams for defendants.*

BROGDEN, J. Was the indexing and cross-indexing of the Clifford deed of trust, "Jesse Hinton and wife" a sufficient compliance with the statute?

The statute, C. S., 3561, requires in substance that the indexes of recorded instruments required to be kept by the register of deeds "shall state in full the names of all the parties, whether grantors, grantees, vendors, vendees, obligors or obligees," etc.

The construction of this statute produces two divergent theories. Upon one hand it is asserted that as indexing and cross-indexing is an essential part of registration and essential thereto and since such indexing is statutory, the statute should be complied with to the exact letter. Upon the other hand, it is insisted that the underlying philosophy of all registration is to give notice, and that hence the ultimate purpose and pervading object of the statute is to produce and supply such notice. Therefore, if the indexing and cross-indexing upon a given state of facts is insufficient to supply the necessary notice, then such indexing ought to fail as against subsequent purchasers or encumbrancers. Nevertheless, it is a universally accepted principle that "constructive notice from the possession of the means of knowledge will have the effect of notice, although the party was actually ignorant, merely because he would not investigate. It is well settled that if anything appears to a party calculated to attract attention or stimulate inquiry, the person is affected with knowledge of all the inquiry would have disclosed." *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949; *Bridgers v. Trust Co., ante,* 494. This prinicple of law received the sanction of this Court in *Ely v. Norman,* 175 N. C., 294, 95 S. E., 543. In that case the Court quoted with apparent approval from the Supreme Court of Iowa to the effect "that an index will hold a subsequent purchaser to notice thereof if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the instrument would have been found."

The authorities upon various aspects of indexing and cross-indexing are assembled in a note in 63 A. L. R., p. 1057, *et seq.*

It must be conceded that the indexing and cross-indexing of the deed of trust in the case at bar is not a strict compliance with the statute, and

the registers of deeds throughout the State should doubtless set out on the index and cross-index the name of the wife. There are perhaps hundreds of deeds of trust in the State indexed and cross-indexed in the same manner employed in the present case, and we are not inclined to strike down these instruments as a matter of law, particularly when there was sufficient information upon the index and cross-index to create the duty of making inquiry. In *Heaton v. Heaton,* 196 N. C., 475, 146 S. E., 146, the Court held that if the wife was the actual owner of the property and had joined with her husband in a mortgage thereon that if the name of the wife did not appear upon the index or cross-index, the registration was invalid. It must be observed, however, that in the *Heaton case* there was absolutely no information or entry sufficient to put a person of reasonable prudence upon inquiry.

The record in the case at bar discloses that the name of the wife, Nora Hinton, actually appeared in the deed from Lee and wife to Jesse Hinton and wife, Nora Hinton. In abstracting the title of Nora Hinton the first inquiry would necessarily be, where did Nora Hinton get the land? The record would have disclosed that Nora Hinton and her husband, Jesse Hinton, were tenants by the entirety. The records would have further disclosed that Jesse Hinton and wife had executed a deed of trust to Clifford, trustee.

Upon the whole record we are of the opinion, and so hold, that the judgment was correct.

Affirmed.