PRUDENTIAL INSURANCE COMPANY OF AMERICA v. F. J. FORBES, TRUSTEE, AND STATE BANK AND TRUST COMPANY.

(Filed 5 October, 1932.)

**Mortgages C c—Held: although mortgage was not indexed in strict compliance with statute defect did not affect its priority.**

While the index and cross-index of a conveyance by a husband and wife of the latter's property should set out the name of the wife, where the records would have shown from an examination by the abstractor for a second mortgagee that the mortgagor had acquired the property from

E. T., a married woman, and S. T. her husband, and the cross-index would have shown a deed of trust from "S. T. *et ux.*": *Held*, although the cross-index was not in strict compliance with the statute it was sufficient to have revealed the first deed of trust, and the contention of the trustor in the second deed of trust that his deed constituted a first lien cannot be maintained.

CIVIL ACTION, before *Frizzelle, J.,* at February Term, 1932, of PITT.

The pertinent facts are set out in the judgment and may be stated as follows: On 29 December, 1916, J. B. Hill and others conveyed to Emma J. Tucker, wife of S. D. Tucker, approximately forty acres of land. This deed was duly recorded and cross-indexed as follows:

"Hill, al J. B. to Emma J. Tucker."
"Tucker, Emma J. from J. B. Hill, al."

On 3 January, 1931, Emma J. Tucker and her husband, S. D. Tucker, executed and delivered to F. J. Forbes, trustee, for the benefit of the National Bank of Greenville, a deed of trust to secure a note for $4,000. This deed of trust was duly registered and indexed as follows:

"Tucker, S. D. *et ux.* to F. J. Forbes, Tr."
"Forbes, F. J., Tr. from S. D. Tucker, *et ux.*"

On 6 December, 1921, Emma J. Tucker and her husband, S. D. Tucker, executed and delivered a deed for the land to Leona P. Hudson, which was registered 8 December, 1921, and indexed as follows:

"Tucker, al Emma to Leona Hudson."
"Hudson, Leona P. from S. D. Tucker, *et ux.*"

On 31 July, 1922, Leona P. Hudson and her husband, H. A. Hudson, executed and delivered a deed of trust upon the land to Chickamauga Trust Company, trustee for the benefit of the plaintiff, Prudential Insurance Company of America, to secure a note of $2,000. This deed of trust was duly recorded and indexed as follows:

"Hudson, Leona P. to Chickamauga Tr. Co., Tr."
"Chickamauga Tr. Co. from H. A. Hudson, *et ux.*"

The deed of trust to the Chickamauga Trust Company was foreclosed and the land was purchased by the Prudential Insurance Company. The note secured in the Forbes deed of trust is now held by the defendant, State Bank and Trust Company.

Upon the foregoing facts the plaintiff contends that the deed of trust under which it purchased the land, being the second deed of trust upon the land, constitutes a first lien, for that the Forbes deed of trust was not properly cross-indexed; that is to say the cross-indexing "Tucker, S. D. *et ux.* to F. J. Forbes, trustee," was not a proper indexing of the instrument.

The trial judge ruled that the Forbes deed of trust constituted a first lien upon the land, and the plaintiff appealed.

*W. A. Darden for plaintiff.*
*Harry M. Brown for defendants.*

BROGDEN, J. On or about 31 July, 1922, Leona P. Hudson and her husband procured a loan from the plaintiff for $2,000, and secured the same by a deed of trust upon the land of the borrowers to Chickamauga Trust Company, trustee.

When the examiner of the title to the Hudson land undertook to search the records the first inquiry would be: From whom did the Hudsons get the land? The records answered the inquiry by showing that Emma J. Tucker was a married woman and that her husband was S. D. Tucker, because they were the grantors of Leona P. Hudson in a deed indexed on the grantor's side "Tucker al Emma to Leona Hudson." The cross-indexes further disclosed the deed from "J. B. Hill *et al* to Emma J. Tucker, recorded on 30 December, 1916. Consequently the abstractor knew from the index that the land was duly conveyed to Emma J. Tucker, and that S. D. Tucker was her husband. Hence, an examination of the grantor's cross-index would have revealed the deed of trust to Forbes, trustee, securing the $4,000 note to the National Bank of Greenville and indexed "Tucker, S. D. *et ux.* to F. J. Forbes Tr."

The merit of the controversy is determined by the principles of law declared in *West v. Jackson,* 198 N. C., 693, 153 S. E., 257. The Court said: "It must be conceded that the indexing and cross-indexing of the deed of trust in the case at bar is not a strict compliance with the statute, and the registers of deeds throughout the State should doubtless set out on the index and cross-index the name of the wife. There are perhaps hundreds of deeds of trust in the State indexed and cross-indexed in the same manner employed in the present case, and we are not inclined to strike down these instruments as a matter of law, particularly when there was sufficient information upon the index and cross-index to create the duty of making inquiry."

Affirmed.