The plaintiffs brought suit to have a mortgage on land given the defendant by T. A. Carson and Effie Carson, his wife, declared void as against the plaintiffs on the ground that the mortgage had not been properly indexed. The defendant advertised the property for sale under the power conferred by the mortgage and the plaintiffs obtained a restraining order, and at the hearing the court found the following facts:
On 24 November, 1906, W. J. Teel and wife conveyed the land in controversy to Effie Carson, wife of T. A. Carson, by deed recorded 24 November, 1906, which was registered and indexed and cross-indexed in the general index for real estate conveyances as follows: "1906 Carson, Effie, from W. J. Teel and wife. D. P. 8-198, Bethel Township." "1906 Teel, W. J. and wife to Effie Carson, D. P. 8-198, Bethel Township."
On 1 August, 1913, Effie Carson conveyed to her husband, Thos. A. Carson, the aforementioned property, which deed was recorded in the office of the register of deeds of Pitt County on 23 January, 1915, in Book G-11, at page 1, and indexed and cross-indexed in the general index for real estate conveyances as follows: "1913 Carson, Effie, to T. A. Carson, G-11, page 1, Bethel Township." "1913 Carson, Thomas A., from Effie Carson, G. 11, page 1, Bethel Township." The officer taking the probate of said deed omitted in the certificate to state his conclusions and that the conveyance was not unreasonable or injurious to her; said deed, certificate of officer and the order for registration are made a part of the findings of fact herein.
On 21 January, 1925, T. A. Carson and wife, Effie Carson, executed and delivered to the defendant, Miss Eulala Cox, a mortgage deed recorded in the office of the register of deeds of Pitt County on 23 January, 1925, upon the property described, which was cross-indexed and *Page 336 
indexed on the general index for real estate conveyances, as follows: "1925 Carson, T. A. and Wf. to Miss Eulala Cox, M. U-15-36." "1925 Cox, Miss Eulala, from T. A. Carson and wf. M. U-15-36."
On 16 December, 1926, there was received in the office of the register of deeds of Pitt County a deed in trust from T. A. Carson and wife to W. H. Woolard, trustee, which was recorded in Book O-16, page 275, upon the same described property, which was indexed in the general index for real estate conveyances, as follows: "Carson, T. A. and wf. to W. H. Woolard, tr., M. O-16, 275, 163 acres. Bethel Township."
On 27 August, 1927, T. A. Carson and wife, Effie Carson, executed a deed in trust to W. C. Braswell, trustee, upon the said tract of land, which instrument was received in said office and indexed upon the general index for real estate conveyances as follows: "Carson, T. A. and wife to W. C. Braswell, D. T. T-16-345. 8-28-27, 163 acres."
On 28 February, 1928, T. A. Carson and wife, Effie Carson, executed a deed in trust to W. S. Tyson, trustee, upon said land, which was received in office on 28 February, 1928, and indexed in the general index for real estate conveyances as follows: "Carson, T. A. and wf. to W. S. Tyson, D. T. M-17-43. 2-28-28. Bethel Township."
On 8 March, 1928, there was received in the office of the register of deeds of Pitt County a deed in trust from T. A. Carson and wife, to the First National Bank of Durham, trustee, upon the aforesaid property, which was received in said office and indexed as follows: "Carson, T. A. and wf. to First National Bank of Durham, Tr. D. T. P-16, page 635, 8 March, 28, 160 acres."
The property described in the mortgage to the defendant and the deed of trust in favor of the plaintiff was in 1913 conveyed, or attempted to be conveyed by Effie Carson to her husband, T. A. Carson, by the aforesaid deed recorded in Book G-11, at page 1, which instrument was properly indexed and cross-indexed on the real estate index for Pitt County, and in 1925 the mortgage from T. A. Carson and wife, Effie Carson, to the defendant was properly and legally indexed and cross-indexed on the real estate index for said county and that the deed in trust to the plaintiff was not executed and recorded until 1928.
The indexing and cross-indexing of the mortgage to the defendant was proper, legal and valid, and that the same is a first mortgage upon said property and prior to that of the plaintiff.
The property described in the plaintiff's and defendant's instruments, as well as in the deed of trust to W. H. Woolard, trustee, W. C. Braswell, trustee, and W. S. Tyson, trustee, is the same, and that the deeds in trust to W. H. Woolard, trustee, and to W. C. Braswell, trustee, refer to the land as being the same conveyed by Effie Carson to Thomas A. Carson as appears by reference to Book G-11, page 1, and that the *Page 337 
deed of trust to the plaintiff refers to Effie Carson as being the wife of T. A. Carson, and the property as being the property of T. A. Carson and wife, Effie Carson, and the same property described in the application filed with the plaintiff by T. A. Carson and wife, Effie Carson.
The court adjudged that the mortgage executed by T. A. Carson and his wife to the defendant was properly indexed and cross-indexed; that the lien thereby created is prior to the lien held by the plaintiffs; and that the restraining order be dissolved. The plaintiffs excepted and appealed.
The appeal in the present case is controlled by the principle stated inIns. Co. v. Forbes, 203 N.C. 252, and West v. Jackson, 198 N.C. 693. In the latter case the Court said: "There are perhaps hundreds of deeds of trust in the State indexed and cross-indexed in the same manner employed in the present case, and we are not inclined to strike down those instruments as a matter of law, particularly when there was sufficient information upon the index and cross-index to create the duty of making inquiry." By inquiry or otherwise the plaintiffs ascertained that Effie Carson was T. A. Carson's wife, for the fact is set out only in the premises of the deed under which the plaintiffs claim but in a reference to a map attached to the abstract of T. A. Carson and Effie Carson filed with the North Carolina Joint Stock Land Bank of Durham. Moreover, the index of the defendant's mortgage is as nearly a compliance with the law as is that of plaintiffs' deed.
Affirmed.