JOHNSON COTTON COMPANY, INC., v. O. T. HOBGOOD, LEVI E. MADDOX AND C. N. CASTLEBERRY, TRADING AS CENTRAL WAREHOUSES.

(Filed 14 December, 1955.)

**1. Registration § 2—**

The proper indexing and cross-indexing of instruments required to be registered is an essential part of their registration.

**2. Same—**

If the index and cross-index of an instrument contain matter sufficient to put a careful and prudent examiner upon inquiry, the record constitutes notice as to all matters which would have been discovered by a reasonable inquiry.

**3. Same: Chattel Mortgages and Conditional Sales § 9—**

The index and cross-index of the chattel mortgage in suit each referred to an erroneous page and book. Within two days the cross-index was corrected to show the proper page and book. *Held:* After the correction, a careful examiner, who failed to find the instrument from the direct index would examine the cross-index, which would have pointed out the instrument, and therefore, the registration was notice subsequent to the date of the correction of the cross-index.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Morris, J.,* June Term, 1955, of HARNETT.

This is an action to recover from the defendants the sum of $981.44 alleged to be due the plaintiff by reason of the facts stipulated by the parties. The facts, summarily stated, are these:

1. That the plaintiff is a North Carolina corporation with its principal office in the town of Dunn in Harnett County, North Carolina.

2. That the defendants were on 1 September, 1952, and are now partners trading as Central Warehouses, operating Central Warehouses Nos. 1 and 2 in Lee County, North Carolina, for the sale of leaf tobacco at auction.

3. That on 15 May, 1952, Jim Goins, then a resident of Moore County, North Carolina, and residing upon the farm of one R. E. Bennett in Moore County as a tenant for the year 1952, executed and delivered to the plaintiff a note and chattel mortgage in the amount of

$1,025.00 for the purpose of securing a pre-existing indebtedness of $500.00 to the plaintiff, evidenced by a note dated 13 November, 1951, and a further pre-existing indebtedness of $400.00, evidenced by a note dated 27 December, 1951, and for advances to be made to the said Goins by plaintiff for the purpose of enabling the said Goins to make a crop for the year 1952.

4. That in the execution of said chattel mortgage the said Jim Goins conveyed a lien to the plaintiff upon one-half interest in all crops of every description grown by Jim Goins during the year 1952 upon the lands of R. E. Bennett in Moore County, North Carolina, which crops included tobacco sold in the Fall of 1952 as set out in paragraph six of the complaint, said tobacco being sold by the defendant for a total sum of $2,351.21.

5. That the said chattel mortgage was duly executed, acknowledged and probated and presented to the Register of Deeds of Moore County, North Carolina, on 23 May, 1952, for recordation.

6. That the chattel mortgage was thereafter, on 29 May, 1952, transcribed upon the records of the office of the Register of Deeds of Moore County, in Chattel Mortgage Book 115, page 70 thereof. On the grantor side of the index, the respective parties were correctly entered, but the index as to book and page was entered as being in Book 102, page 493, which book contains no such numbered page. Likewise, on the grantee side of the index, called the cross-index, the respective parties were accurately and properly entered, but the reference as to where the instrument was recorded was also given as Book 102, page 493. That the cross-index was corrected in May 1952 and the correct reference as to where the instrument was registered was inserted, to wit: Book 115, page 70. The direct, or grantor index, was not corrected until 26 November, 1954, and after the institution of this action.

The court found facts in accord with the stipulation and also that all the tobacco in controversy in this action was grown upon the lands referred to in the chattel mortgage and was sold at Central Warehouses Nos. 1 and 2, operated by the defendants, between 4 September and 30 October, 1952.

Upon the facts found, the court held as a matter of law that the chattel mortgage was not recorded as required by law at the time of the purchase of any of the tobacco, by the defendants herein, and that said instrument did not constitute any notice to the defendants of plaintiff's rights, if any, in said instrument. Accordingly, judgment was entered denying the plaintiff the relief sought. Plaintiff appeals, assigning error.

*I. R. Williams for appellant.*
*D. B. Teague for appellees.*

DENNY, J.   This appeal presents for determination whether the indexing and cross-indexing of the chattel mortgage, in the manner set forth above, constituted a sufficient compliance with G.S. 161-22 to give notice of plaintiff's lien on the tobacco crop in controversy.

It is now established law in this jurisdiction that the proper indexing and cross-indexing of instruments required to be registered is an essential part of their registration.   *Dorman v. Goodman,* 213 N.C. 406, 196 S.E. 352; *Story v. Slade,* 199 N.C. 596, 155 S.E. 256; *Heaton v. Heaton,* 196 N.C. 475, 146 S.E. 146; *Whitehurst v. Garrett,* 196 N.C. 154, 144 S.E. 835; *Clement v. Harrison,* 193 N.C. 825, 138 S.E. 308; *Wilkinson v. Wallace,* 192 N.C. 156, 134 S.E. 401; *Hooper v. Power Co.,* 180 N.C. 651, 105 S.E. 327; *Manufacturing Co. v. Hester,* 177 N.C. 609, 98 S.E. 721; *Fowle v. Ham,* 176 N.C. 12, 96 S.E. 639; *Ely v. Norman,* 175 N.C. 294, 95 S.E. 543.   The last cited case overruled *Davis v. Whitaker,* 114 N.C. 279, 19 S.E. 699, 41 Am. St. Rep. 793, in which it was held that the filing of a deed for registration was in itself constructive notice and that failure to index it did not impair its efficacy.

This Court has held in a number of cases that where the name of one of the grantors in an instrument requiring registration was not listed in the index, the registration was not notice as to the interest of the omitted party.   *Dorman v. Goodman, supra; Woodley v. Gregory,* 205 N.C. 280, 171 S.E. 65; *Watkins v. Simonds,* 202 N.C. 746, 164 S.E. 363; *Heaton v. Heaton, supra; Wilkinson v. Wallace, supra; Fowle v. Ham, supra.*

However, in the case of *Tocci v. Nowfall,* 220 N.C. 550, 18 S.E. 2d 225, a large number of lots were conveyed to a real estate corporation as trustee, to be conveyed by it as trustee to the purchasers of the lots. The corporate trustee conveyed one of the lots in its own name to T. A. Ratcliff and wife without disclosing that it held title thereto as trustee. Later, it conveyed the same lot in its capacity as trustee to Mrs. J. Nowfall.   The Court held that the holders of the first deed obtained a good title.   *Stacy, C. J.,* dissented and *Barnhill* and *Winborne, JJ.,* concurred in the dissent.

On the other hand, it has been held that where a man and wife executed a conveyance and the instrument is duly recorded and properly indexed and cross-indexed under the name of the husband, followed by the words "and wife" or "*et ux,*" the registration is good.   *Bank v. Cox,* 204 N.C. 335, 168 S.E. 213; *Insurance Co. v. Forbes,* 203 N.C. 252, 165 S.E. 699; *West v. Jackson,* 198 N.C. 693, 153 S.E. 257.   *Cf. Henry v. Sanders,* 212 N.C. 239, 193 S.E. 15.

In the present action it is stipulated that the chattel mortgage in controversy was filed for registration on 23 May, 1952, and, thereafter, on 29 May, 1952, was duly transcribed upon the records in the office of

the Register of Deeds of Moore County in Chattel Mortgage Book 115, page 70 thereof, and an erroneous book and page given opposite the name of the grantor in the direct index and opposite the name of the grantee in the cross-index. However, it is also stipulated that in May 1952 the cross-index was corrected. This means that within two days of the time the chattel mortgage was transcribed on the records it was cross-indexed in accordance with the requirements of the statute, G.S. 161-22.

*Brogden, J.,* speaking for this Court in *West v. Jackson, supra,* in construing C.S. 3561, now G.S. 161-22, said: "The construction of this statute produces two divergent theories. Upon one hand it is asserted that as indexing and cross-indexing is an essential part of registration and essential thereto and since such indexing is statutory, the statute should be complied with to the exact letter. Upon the other hand, it is insisted that the underlying philosophy of all registration is to give notice, and that hence the ultimate purpose and pervading object of the statute is to produce and supply such notice. Therefore, if the indexing and cross-indexing upon a given state of facts is insufficient to supply the necessary notice, then such indexing ought to fail as against subsequent purchasers or encumbrancers. Nevertheless, it is a universally accepted principle that 'constructive notice from the possession of the means of knowledge will have the effect of notice, although the party was actually ignorant, merely because he would not investigate. It is well settled that if anything appears to a party calculated to attract attention or stimulate inquiry, the person is affected with knowledge of all the inquiry would have disclosed.' *Wynn v. Grant,* 166 N.C. 39, 81 S.E. 949; *Bridgers v. Trust Co., ante,* 494. This principle of law received the sanction of this Court in *Ely v. Norman,* 175 N.C. 294, 95 S.E. 543. In that case the Court quoted with apparent approval from the Supreme Court of Iowa to the effect 'that an index will hold a subsequent purchaser to notice thereof if enough is disclosed by the index to put a careful or prudent examiner upon inquiry, and if, upon such inquiry, the instrument would have been found.' . . . It must be conceded that the indexing and cross-indexing of the deed of trust in the case at bar is not a strict compliance with the statute, and the registers of deeds through the State should doubtless set out on the index and cross-index the name of the wife. There are perhaps hundreds of deeds of trust in the State indexed and cross-indexed in the same manner employed in the present case, and we are not inclined to strike down these instruments as a matter of law, particularly when there was sufficient information upon the index and cross-index to create the duty of making inquiry." *Whitehurst v. Garrett, supra; Insurance Co. v.*

*Forbes, supra; Bank v. Cox, supra; Insurance Co. v. Dial,* 209 N.C. 339, 183 S.E. 609.

In light of our decisions, we hold that the indexing was sufficient to put a careful and prudent examiner upon inquiry. Moreover, from and after 1 June, 1952, the instrument was cross-indexed properly and accurately as required by statute. We cannot conceive of a careful examiner failing to examine the cross-index when he found the instrument was not recorded in the book and on the page referred to in the direct index. Hence, the judgment of the court below is reversed and the cause remanded for further proceedings in accord with this opinion.

Reversed and remanded.

HIGGINS, J., took no part in the consideration or decision of this case.