DAVID R. BADGER AND R. KEITH JOHNSON v. RONALD J. BENFIELD

No. 8524SC295

(Filed 17 December 1985)

**Register of Deeds § 1; Registration § 2.1— indexing—action against register of deeds for late indexing—12(b)(6) dismissal proper**

  The trial court did not err by granting defendant's motion for dismissal under N.C.G.S. 1A-1, Rule 12(b)(6) where plaintiffs alleged that they were the purchasers of a condominium in Avery County; defendant was the register of deeds for Avery County; plaintiffs obtained a general warranty deed which was recorded on 5 May 1983; Republic Bank subsequently informed plaintiffs that it held a second mortgage on the property; another title search revealed a deed of trust dated 5 August 1982 in favor of the Bank; plaintiffs verified that the Bank's deed of trust had been indexed some time after their first title search; and plaintiffs were required to negotiate with and pay the Bank to cancel the deed of trust because there was no indication in the grantor index or otherwise that the Bank's deed of trust was indexed after the plaintiffs' deed was registered. The allegations of the complaint, taken as true, established that plaintiffs were not legally required to satisfy the mortgage because the Bank's deed of trust was indexed after plaintiffs' deed was duly registered. N.C.G.S. 161-22(h) (Cum. Supp.).

APPEAL by plaintiffs from *Lamm, Judge*. Judgment entered 1 November 1984 in AVERY County Superior Court. Heard in the Court of Appeals 17 October 1985.

Plaintiffs seek to recover damages arising out of defendant's late indexing of a deed of trust on property purchased by them. Defendant was at all times pertinent herein the Register of Deeds for Avery County.

The allegations of the complaint may be summarized as follows in relevant part: In the spring of 1983, plaintiffs purchased a condominium in Avery County. Prior to the purchase, plaintiffs, who are both duly licensed attorneys in this State, personally conducted a title search which revealed a deed of trust in favor of FinanceAmerica and two other liens on the property. Thereafter plaintiffs obtained a general warranty deed for the property which was recorded on 5 May 1983. Subsequently Republic Bank and Trust Company (Republic Bank) informed plaintiffs that it held a second mortgage on the property. Plaintiffs told counsel for Republic Bank that their title search had not revealed any lien in favor of Republic Bank. Plaintiffs had a second title search performed on 13 May 1985 which revealed a recorded deed of trust on the property dated 5 August 1982 in favor of Republic Bank. Plaintiffs traveled to the Office of the Avery County Register of Deeds and verified that sometime after they conducted the first title search the deed of trust in favor of Republic Bank had been indexed. Upon further inquiry, plaintiffs learned that the deed of trust had been indexed on 10 May 1983.

Plaintiffs further alleged: Since there was no indication in the grantor index or otherwise that the deed of trust in favor of Republic Bank was indexed after 5 May 1983, the date plaintiffs' deed to the property was registered, plaintiffs were required to negotiate with and pay to Republic Bank a sum of money to cancel the deed of trust. Thus, plaintiffs were injured by defendant's failure to properly index the deed of trust.

Defendant moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) of the Rules of Civil Procedure. By judgment entered 1 November 1984, the trial court allowed the motion and dismissed the action. Plaintiffs appealed.

*Badger, Johnson, Chapman & Michael, P.A., by David R. Badger and R. Keith Johnson, for plaintiffs.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and William A. Blancato; and Kathryn G. Hemphill for defendant.*

WELLS, Judge.

Plaintiffs argue that their complaint is legally sufficient to state a claim upon which relief can be granted and that the court erred in dismissing it. A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of his claim. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). In considering a motion made pursuant to G.S. 1A-1, Rule 12(b)(6), the allegations of the complaint are to be taken as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976).

The allegations of the complaint here, taken as true, establish that Republic Bank's deed of trust did not have priority over plaintiffs' warranty deed because it was not indexed until after plaintiffs' deed was duly registered and that therefore plaintiffs were not legally obligated to satisfy the mortgage. Priority of instruments affecting an interest in real property which are required to be recorded is established by the priority of their registration. *See* Webster, *Real Estate Law in North Carolina* § 332 (1971). An instrument shall not be deemed registered until it has been properly indexed. N.C. Gen. Stat. § 161-22(h) (Cum. Supp. 1985); *Cotton Co. v. Hobgood*, 243 N.C. 227, 90 S.E. 2d 541 (1955); *Heaton v. Heaton*, 196 N.C. 475, 146 S.E. 146 (1929). Since Republic Bank's deed of trust was not indexed until after plaintiffs' deed was duly registered, it did not have priority over plaintiffs' interest.

A register of deeds will not be held liable for failure to properly index an instrument unless the default of the register of deeds was the proximate cause of pecuniary injury to the claimant. *Manufacturing Co. v. Hester*, 177 N.C. 609, 98 S.E. 721 (1919). Moreover, liability will not be imposed on the register of deeds if the negligence of the claimant caused or concurred in causing the injury. *Id.* Since plaintiffs were not legally obligated to pay off Republic Bank's mortgage, defendant's alleged failure to properly index the deed of trust was not the proximate cause of their injury. Plaintiffs were put on notice of the late indexing of the deed of trust by the title searches performed; thus, they caused their own injury.

The allegations of the complaint establish that plaintiffs are not entitled to recover damages from defendant because of his alleged failure to properly index the deed of trust. Accordingly, we hold the court acted correctly in dismissing the action.

Affirmed.

Judges ARNOLD and MARTIN concur.