### S. W. FOWLE & SON v. J. B. HAM.

#### (Filed 11 September, 1918.)

1. **Register of Deeds—Index—Registration—Deeds and Conveyances—Title—Purchasers for Value.**

   The indexing of deeds in the office of the register thereof is an essential part of the registration; and where the grantor's name has been omitted from the book, a subsequent grantee of the same lands from the same grantor acquires the title from him.

2. **Statutes—Interpretation—Supreme Court Decisions—Property Rights—Overruled Decisions—Retroactive Effect.**

   Where property rights are acquired in accordance with a decision of the Supreme Court, in the interpretation of a statute, which is subsequently overruled, the effect of the later decision will not be retroactive in effect; and where a deed has not been properly indexed, but valid to pass title against a subsequent purchaser, under the decision of *Davis v. Whitaker*, rendered in 1894, and registered prior to *Ely v. Norman*, 175 N. C., 299, which overruled the former decision, the rights thus acquired will not be disturbed.

HOKE, J., concurring.

ACTION to restrain the cutting of timber and to recover damages, heard by *Connor, J.,* at May Term, 1918, of BEAUFORT.

The Court denied a restraining order, and plaintiffs appealed.

*Ward & Grimes for plaintiffs.*
*E. A. Daniel for defendant.*

BROWN, J. The admitted facts are, that plaintiffs bought the land in controversy from Weston, who owned it. The deed was duly recorded, but never cross-indexed—that is, the name of the grantor was entirely omitted from the index.

Weston afterwards conveyed 20 acres of the land to one Cox, whose deed was duly recorded and indexed. There was nothing to show in the

grantor index that Weston had ever conveyed the land to plaintiffs, and, so far as the record discloses, Cox, who conveyed the land to defendant, himself had no knowledge, when they purchased, of the existence of the deed from Weston to Fowle.

In *Ely v. Norman,* 175 N. C., 298, it is held by a majority of this Court that the indexing of deeds is an essential part of the registration, as much as the indexing of judgments is a part of the docketing.

We deemed it essential, for the reasons given in the concurring opinion, to render such decision and to overrule *Davis v. Whitaker,* 114 N. C., 279.

If that was the only point in the record, we would stop here.

But plaintiffs contend that their deed was recorded in 1913, and that the decision in *Davis v. Whitaker* was rendered in 1894 and had become a rule of property upon which they had a right to rely, and that, according to that decision, they were not required to index their deed, for, while indexing is a convenience, it was not regarded as a legal essential up to *Ely v. Norman.*

We think the point is well taken. It has long been held that, when solemn decisions have settled precise cases so as to have become a rule of property, and acted upon as such, they should be followed, and when overruled by a subsequent case, the latter should not be given a retroactive effect. This just and salutary principle has been clearly expressed by Lord Mansfield in *Wyndham v. Chetwood,* 1 Burrows, 419. The law is very clearly stated by the West Virginia Court, as follows:

"An overruled decision is regarded as not law, as never having been law, but the law as given in a later case is regarded as having been the law even at the date of the erroneous decision. To this rule there is one exception: that where there is a statute, and a decision giving it a certain construction, the latter decision does not retroact so as to invalidate such contract." *Falconer v. Simmons,* 51 W. Va., 177.

The subject is very fully discussed and all the authorities collected in the opinion of *Justice Walker* in *Hill v. R. R.,* 143 N. C., 579.

In this view the deed from Weston to Fowle must have priority. The plaintiffs are entitled to the injunction.

Error.

HOKE, J., concurring: I cannot assent to the position that the laws of North Carolina controlling the question either make or were intended to make the indexing an essential part of a valid registration. The cases in other States which so hold were on the interpretation of statutes having substantially different wording from ours, and I am of opinion that the case of *Davies v. Whitaker,* 114 N. C., 279, was well decided. True, the books in many of the counties have become so numerous that with-

out an index the value of our registration laws, as an assurance of title, has been greatly impaired; but if a change is desirable on that account, I think it should be made by the Legislature and not by the courts. In any aspect of the matter, however, I concur in the disposition made of the present cause, the plaintiffs having acquired their title while the case of *Davies v. Whitaker* was recognized as law.

The position applicable is correctly stated, I think, in *Mason v. Cotton Co.,* 148 N. C., 510, as follows:

"The general principle is, that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former decision is bad law, but that it never was the law. *Center School Township v. State ex rel.,* 150 Ind., 168; *Stockton, Trustee, v. Manufacturing Co.,* 22 N. J. Eq., 56; *Storrie v. Cortes and wife,* 90 Tex., 283. To this the courts have established the exception that where a constitutional or statute law has received a given construction by the courts of last resort, and contracts have been made and rights acquired under and in accordance with such construction, such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision," citing *Hill v. R. R.,* 143 N. C., 539; *Gelpcke v. City of Dubuque,* 68 U. S., 175; *City of Sedalia v. George A. Gold,* 91 Mo. App., 32, and *Falconer v. Simmons,* 51 W. Va., 172.

On the record, plaintiff's case comes clearly within the principle of this exception, and I concur in the ruling that they have a valid title to the land covered by their deed.