MERCHANTS AND FARMERS BANK v. W. J. HARRINGTON ET AL.

(Filed 27, April, 1927.)

**Appeal and Error—Supreme Court Equally Divided in Opinion—Judgments—Records—Liens—Deeds and Conveyances.**

The Supreme Court being equally divided on this appeal, *Adams, J.,* not sitting, as to whether a mortgage on real estate is sufficiently registered when placed in a chattel mortgage book by the register of deeds, who kept a separate book for such purpose, the judgment of the Superior Court that such registration was not sufficient is affirmed.

ADAMS, J., not sitting.

CIVIL ACTION, before *Stack, J.,* at February Term, 1927, of MOORE.

On 14 May, 1919, the defendant, Harrington, gave a mortgage on his lands to the Federal Land Bank of Columbia to secure notes aggregating $10,000. This mortgage was duly recorded and indexed on 17 May, 1919.

On 30 March, 1921, W. J. Harrington executed and delivered two promissory negotiable notes for $1,401.45 each to the Tomlinson Guano Company, payable on 15 February, 1922. To secure these notes the maker executed a certain instrument in the form of an agricultural lien, but in reality a mortgage upon his real estate. However, the said mortgage was recorded in a chattel mortgage book and duly indexed and cross-indexed in Cross-Index Books for Chattel Mortgages in the office of the register of deeds. The instrument was neither recorded in a real estate mortgage book nor indexed ·nor cross-indexed as a mortgage on land. Thereafter, on 7 February, 1922, the Tomlinson Guano Company endorsed said notes to the plaintiff bank and delivered to it the said mortgage securing same.

40—193

On 27 April, 1921, the defendant Harrington gave a mortgage to Page Trust Company to secure a note for $5,433. This mortgage was duly recorded and indexed on 20 July, 1921.

Several issues were submitted to the jury, but those pertinent to the point in controversy were as follows:

"Was the mortgage executed and delivered by W. J. Harrington to Tomlinson Guano Company set up in the complaint indexed and cross-indexed on the general index to real estate conveyances in the office of the register of deeds of Moore County after 21 July, 1921? Answer: Yes.

"Was the paper-writing from W. J. Harrington to Tomlinson Guano Company, and which is described in the pleadings, placed upon the index and cross-index of the general index to real estate conveyances in the office of the register of deeds for Moore County by being interlined therein after 3 July, 1924? Answer: Yes.

"Has the paper-writing from W. J. Harrington to Tomlinson Guano Company, and which is described in the pleadings, ever been indexed or cross-indexed upon the index and cross-index to real estate conveyances in the office of the register of deeds for Moore County? Answer: No.

"Was the mortgage executed and delivered by W. J. Harrington to Tomlinson Guano Company, described in the complaint, duly filed and registered in the office of the register of deeds for Moore County in Chattel Mortgage Book 23, page 341, and duly indexed and cross-indexed in Cross-Index Books for Chattel Mortgages on 13 April, 1921? Answer: Yes."

Upon the foregoing issues the trial judge, being of the opinion that the indexing and cross-indexing to chattel mortgages created no lien upon the lands therein described, and that an index and a cross-index on the general index and cross-index to land instruments was necessary to create such a lien, held as a matter of law upon the verdict that the plaintiff's lien was subsequent to that of the other parties to the proceeding, and signed judgment to that effect, from which judgment plaintiff appealed.

It also appeared in the evidence that the register of deeds for Moore County, at all times during the transactions referred to, kept a general index and cross-index of chattel mortgages and in an entirely separate book a general index and cross-index to land instruments.

*Teague & Teague and Gavin & Jackson for plaintiff.*
*Hoyle & Hoyle and J. C. Little for defendant.*

PER CURIAM. The question involved is thus stated in plaintiff's brief:

"Was the indexing and cross-indexing of a real estate mortgage, which on its face was a combination real estate and chattel mortgage,

on the general cross-index of chattel mortgages and not on the general cross-index to real estate conveyances sufficient to give constructive notice to subsequent purchasers for value, when there is kept in the register's office a separate record and set of books for the registration and indexing of chattel mortgages and real estate conveyances, and when only real estate is conveyed by the instrument in controversy, said mortgage being dated 30 March, 1921, and filed for 'registration 13 April, 1921?"

The importance of the question to the profession and to the registers of deeds throughout the State is obvious. If the recording of a land mortgage in a chattel mortgage book and the indexing thereof upon the cross-index of a chattel mortgage book is sufficient to create a lien upon real estate, then, every attorney in the State, in examining a title to land, must search and examine every sort of index in the office of the register of deeds for every character of instrument that is recorded or required to be recorded.

Upon the other hand, ought the holder of a lien to be deprived of the benefit thereof when he delivers it to the register of deeds for recording and it is indexed and cross-indexed in one of the general indexes kept in his office?

The statutes bearing upon the subject are C. S., 3560 and 3561. The decisions of this Court, dealing with the indexing and cross-indexing of instruments are *Fowle v. Ham,* 176 N. C., 12; *Ely v. Norman,* 175 N. C., 294; *Wilkinson v. Wallace,* 192 N. C., 156.

However, *Adams, J.,* did not sit and took no part in the decision of this case, and the Court, being evenly divided in opinion, under the law the judgment of the lower court must be affirmed without becoming a precedent.

Affirmed.

ADAMS, J., not sitting.