J. M. STORY v. W. B. SLADE, ADMINISTRATOR OF W. E. SLADE, AND C. E. KERNODLE.

(Filed 22 October, 1930.)

**Mortgages C c—Prior registered mortgage marked upon its face "second mortgage" is prior to mortgage first executed and later registered.**

No notice, however full and formal, can replace the statutory notice of registration as against creditors or purchasers for value, C. S., 3311, and where a mortgage on lands is executed and delivered, but not registered until after the registration of a later executed mortgage, the prior registered mortgage is a first lien on the land, and it is not sufficient to change this result that the prior registered mortgage was marked upon its face "second mortgage." Nor can notice *aliunde* advantage the holder of the mortgage first executed. *Williams v. Lewis*, 158 N. C., 571, cited and distinguished.

APPEAL by defendant, C. E. Kernodle, from *Harris, J.,* at Second May Term, 1930, of ALAMANCE.

Civil action for debt and to foreclose mortgage alleged to be a first lien.

The facts are these:

1. On 26 June, 1928, W. E. Slade (now deceased), being indebted to the plaintiff in the sum of $1,400, as evidenced by his promissory notes, executed and delivered to the plaintiff a mortgage on certain real estate in Alamance County, to secure the payment of said notes at maturity.

2. This mortgage was immediately filed for registration in the office of the register of deeds for Alamance County and spread upon the registry in Book No. 105, page 180, but was neither indexed nor cross-indexed until 9 January, 1930, thereafter, the date of indexing and cross-indexing being noted on the index book.

3. In the meantime, between the filing of plaintiff's mortgage for registration and its indexing, the said W. E. Slade executed and delivered to Dr. C. E. Kernodle another mortgage on the same property to secure an indebtedness of $1,500. This mortgage was duly registered and properly indexed 2 February, 1929.

4. Immediately following the description of the property set out in this instrument are the words "second mortgage."

5. The jury returned the following verdict: "Did the defendant, C. E. Kernodle, take the mortgage mentioned in the answer subject to the lien of the prior mortgage of the plaintiff, as alleged in the reply? Answer: Yes."

From a judgment declaring the plaintiff's mortgage a first and prior lien and ordering that the proceeds arising from a sale of the property be applied accordingly, the defendant, C. E. Kernodle, appeals, assigning as error the refusal of the court to instruct the jury, as requested, that upon all the evidence the issue submitted should be answered "No."

*Long & Allen and H. J. Rhodes for plaintiff.*
*J. Dolph Long for defendant Kernodle.*

STACY, C. J., after stating the case: Is a mortgage duly filed for registration and spread upon the registry, but not indexed or cross-indexed as required by C. S., 3561, superior to the lien of a duly registered "second mortgage" on the same property? We think not.

The indexing and cross-indexing of instruments required to be registered is an essential part of their registration. *West v. Jackson,* 198 N. C., 693; *Heaton v. Heaton,* 196 N. C., 475, 146 S. E., 146; *Whitehurst v. Garrett,* 196 N. C., 154, 144 S. E., 835; *Clement v. Harrison,* 193 N. C., 825, 138 S. E., 308; *Bank v. Harrington,* 193 N. C., 625, 137 S. E., 712; *Wilkinson v. Wallace,* 192 N. C., 156, 134 S. E., 401; *Hooper v. Power Co.,* 180 N. C., 651, 105 S. E., 327; *Mfg. Co. v. Hester,* 177 N. C., 609, 98 S. E., 721; *Fowle v. Ham,* 176 N. C., 12, 96 S. E., 639; *Ely v. Norman,* 175 N. C., 294, 95 S. E., 543.

The bare appellation "second mortgage," appearing in the Slade-Kernodle mortgage, falls short of the requirements laid down in *Hardy v. Fryer,* 194 N. C., 420, 139 S. E., 833, for making it subject to the unindexed Slade-Story mortgage. No reference is made to the supposed first mortgage, nor is its holder identified, nor is the amount of it stated, all of which appeared in *Bank v. Smith,* 186 N. C., 635, 120 S. E., 215, and *Bank v. Vass,* 130 N. C., 590, 41 S. E., 791, cases strongly relied upon by plaintiff. The present case, therefore, comes squarely within the decisions in *Hardy v. Abdallah,* 192 N. C., 45, 133 S. E., 195, and *Piano Co. v. Spruill,* 150 N. C., 168, 63 S. E., 723, in which similar references were held to be insufficient to take the place of proper

registration of alleged prior encumbrances. See, also, *Blacknall v. Hancock,* 182 N. C., 369, 109 S. E., 72.

Nor can notice *aliunde* to the holder of the "second mortgage" of the existence of a prior encumbrance avail the holder of the unregistered "first mortgage." C. S., 3311, in effect provides that no deed of trust or mortgage shall be valid as against creditors or purchasers for value but from the proper registration thereof, and we have insistently held that no notice, however full or formal, will suffice to defeat a prior registration. *Ellington v. Supply Co.,* 196 N. C., 784, 147 S. E., 307; *Quinnerly v. Quinnerly,* 114 N. C., 145, 19 S. E., 99.

The case of *Williams v. Lewis,* 158 N. C., 571, 74 S. E., 17, cited by plaintiff, is not at variance with our present position. That decision was controlled by other principles.

It would seem that appellant was entitled to have the jury instructed, as requested, to answer in the negative the issue submitted.

New trial.