J. W. DORMAN v. A. F. GOODMAN and Wife, MILDRED M. GOODMAN.

(Filed 13 April, 1938.)

**1. Deeds § 7—**

The indexing of deeds is an essential part of their registration, C. S., 3560, 3561, but this rule is prospective and not retroactive in effect.

**2. Same—Records are notice of all matters which would be discovered from them by careful and prudent examiner.**

The purpose of the registration laws is to give notice, and where the . index is sufficient to put a careful and prudent examiner upon inquiry,

the records are notice of all matters which would be discovered by reasonable inquiry, but the records are intended to be self-sufficient, and a person examining a title is not required to go out upon the premises and ascertain who is in possession and under what claim, the proviso of C. S., 3309, being applicable only to deeds executed prior to 1 December, 1885.

3. Same—

No notice, however full and formal, will take the place of registration.

4. **Same—Deed properly indexed under name of grantee, but indexed under wrong initials of grantor held ineffective as against creditor of grantor.**

The deed in question was properly indexed under the name of the grantee, but under the name of the grantor was indexed under the name of "J. L. Crowell" instead of "J. Frank Crowell," who was the grantor therein. There were over a hundred deeds properly indexed under the name of "J. L. Crowell." *Held:* As to a creditor of the grantor the instrument was not indexed, and therefore not registered, it not being incumbent upon the creditor to examine the more than one hundred deeds purporting to be executed by "J. L. Crowell" to ascertain if any had been erroneously indexed, nor to look under the index of grantees to see if any grantee had registered a deed from the debtor. *Ins. Co. v. Forbes*, 203 N. C., 252, cited and distinguished in that in that case the examiner was tracing the title back, and would therefore have had notice of the pertinent instruments.

5. Same—

The increasing complexity of business and the growing number and character of conveyances, make it necessary for the preservation of property rights, that the established rules governing the registration of instruments should not be relaxed, but that instruments should be recorded in strict compliance therewith.

6. **Adverse Possession § 9—**

A deed is color of title only in accordance with the estate it purports to convey, and a deed conveying a one-half interest is color of title only as to the one-half interest.

7. **Deeds § 17—Facts agreed held to constitute good cause of action for breach of warranty of title and against encumbrances.**

In this action for breach of warranty of title and against encumbrances, judgment that plaintiff had no cause of action *held* for error, it appearing that plaintiff grantee had obtained title by adverse possession under color only as to a one-half interest in the land, and that the other one-half interest was subject to a judgment in favor of defendant grantor's predecessor in title.

APPEAL by plaintiff from judgment signed 22 November, 1937, by *Pless, J.* From CABARRUS. Reversed.

Action for breach of warranty of title and against encumbrance in defendants' deed to plaintiff, heard upon agreed statement of facts. From judgment for defendants plaintiff appealed.

*W. S. Bogle and E. Johnston Irvin for plaintiff, appellant.*
*Crowell & Crowell for defendants, appellees.*

DEVIN, J.   This appeal presents two questions for determination:

1. Was the deed to defendants' predecessor in title indexed and cross-indexed on the registry so as to constitute notice to a subsequent judgment creditor?

2. Had plaintiff's title by possession under color ripened into an indefeasible title before the docketing of the judgment?

The facts agreed present this situation:

On 9 December, 1925, J. Frank Crowell, the then owner, conveyed the land in question to D. A. McLaurin by deed recorded the following day.   On 10 December, 1925, D. A. McLaurin and wife conveyed a one-half interest in the land to defendant A. F. Goodman, deed duly recorded 15 December, 1925.   On 19 April, 1930, D. A. McLaurin and wife conveyed the remaining half-interest in the land to A. F. Goodman by deed recorded 7 May, 1930.   On 24 August, 1932, A. F. Goodman and wife conveyed the land to the plaintiff Dorman, by deed with usual warranties, recorded 25 August, 1932.   All the deeds referred to were in form sufficient to convey in fee simple and contained the usual warranties, and all the deeds were properly registered, indexed and cross-indexed, with the exception of the deed from J. Frank Crowell to D. A. McLaurin, dated 9 December, 1925.   This last mentioned deed was shown on the "grantors" index as being from J. L. Crowell.   It was agreed that on the "grantees" index the entry was properly made.   In 1926 the Michelin Tire Co. secured two judgments in Stanly County against J. F. Crowell in the aggregate sum of $339.00, and had said judgments duly docketed in Cabarrus County, 26 January, 1934.   Execution was issued on said judgments and the land sold by the sheriff in January, 1936, and bid in by the plaintiff for the sum of $600.00, and sheriff's deed therefor received by plaintiff and registered.

It was further agreed "that the deed from J. Frank Crowell to D. A. McLaurin was indexed in the grantor's book under the family name of Crowell and under the initials 'J. L.' Crowell, and that the initials of the grantor in the deed is indexed in the proper column; that said index is so subdivided that a deed from either J. L. or J. F. Crowell would be indexed in the same initial column.   It is further stipulated and agreed that there is a person by the name of J. L. Crowell, and that he has made a large number of conveyances, probably in excess of one hundred (stated in the argument to be three hundred), and that all of the same are indexed in the same index book, on the same page, and in the same column in which a conveyance from J. F. Crowell would be prop-

erly indexed, and that the deed in question is indexed in the name of
J. L. Crowell."

It was further agreed that the plaintiff and his predecessors in title
have occupied the premises in question, under known and visible boun-
daries and under such color of title as is shown by the conveyances
referred to, for more than seven years.

The deed from J. Frank Crowell to D. A. McLaurin was registered
and indexed in the manner herein described on 10 December, 1925.
Whether the registration and indexing constituted constructive notice
to creditors and purchasers for value from J. Frank Crowell depends
upon whether the requirements of the statutes and the decisions of this
Court effective at that time were complied with. Prior to 1918 the
doctrine prevailed in this State that registration itself imparted notice
to subsequent purchasers, notwithstanding failure to index it, and that
the index was no part of the record (*Davis v. Whitaker*, 114 N. C., 279,
19 S. E., 699). But in *Ely v. Norman*, 175 N. C., 294, 95 S. E., 543,
and *Fowle v. Ham*, 176 N. C., 12, 96 S. E., 639, it was definitely decided
that the indexing of deeds was an essential part of the registration, "as
much so as the indexing of judgments is a part of their docketing."
However, it was held in *Fowle v. Ham, supra,* and in *Wilkinson v. Wal-
lace,* 192 N. C., 156 (1926), that the rule requiring indexing as a pre-
requisite to valid registration was prospective and not retroactive, and
that rights of property thereunder were to be determined by the exist-
ing law.

The Consolidated Statutes (effective 1919) codified the duties of the
register of deeds as to indexing in two sections, numbered 3560 and
3561, as follows: "Sec. 3560. The board of county commissioners, at
the expense of the county, shall cause to be made and consolidated into
one book a general index of all the deeds and other documents in the
register's office, and the registrar shall afterwards keep up such index
without any additional compensation."

"Sec. 3561. The register of deeds shall provide and keep in his office
full and complete alphabetical indexes of the names of the parties to
all liens, grants, deeds, mortgages, bonds and other instruments of
writing required or authorized to be registered; such indexes to be kept
in well-bound books, and shall state in full the names of all the parties,
whether grantors, grantees, vendors, vendees, obligors or obligees, and
shall be indexed and cross-indexed, within twenty-four hours after reg-
istering any instrument, so as to show the name of each party under the
appropriate letter of the alphabet; and reference shall be made, oppo-
site each name, to the page, title, or number of the book in which is
registered any instrument. A violation of this section shall be a mis-
demeanor."

Thus the law stood until 1929 when, by ch. 327, Public Laws 1929, provision was made for the installation of the modern "family" index system. However, the Act of 1929 has no application to the facts of this case.

Since 1918 this Court has considered the question of the indexing of deeds in the following cases:

In *Bank v. Harrington,* 193 N. C., 625, 137 S. E., 712, the Court was evenly divided on the application of the rule to the facts in that case.

In *Clement v. Harrison,* 193 N. C., 825, 138 S. E., 308, where the register of deeds had an alphabetical index with subdivisions of each letter, and registered and indexed a deed of trust from one Harrison under the subdivision "Haa to Hap" instead of under the subdivision "Har to Haz," it was held that this was a substantial compliance with C. S., 3560 and 3561, and the instrument sufficiently indexed to convey a lien superior to that of a subsequently registered and properly indexed deed of trust.

In *Heaton v. Heaton,* 196 N. C., 475, 146 S. E., 146, where the wife was the owner of the land and the mortgage by herself and husband was indexed and cross-indexed in name of the husband only, it was held the mortgage was not properly registered and not good against a subsequent deed duly recorded.

In *West v. Jackson,* 198 N. C., 693, 153 S. E., 257, the deed of trust executed by Jesse Hinton and wife, Nora, who held an estate by entirety, was indexed and cross-indexed in the name of "Jesse Hinton and wife," the name of the wife not appearing upon the index and cross-index. It was held the indexing and cross-indexing was a sufficient compliance with the statute. It was there said: "Upon the other hand, it is insisted that the underlying philosophy of all registration is to give notice, and that hence the ultimate purpose and pervading object of the statute is to produce and supply such notice. Therefore, if the indexing and cross-indexing upon a given state of facts is insufficient to supply the necessary notice, then such indexing ought to fail as against subsequent purchasers or encumbrancers. Nevertheless, it is a universally accepted principle that 'constructive notice from the possession of the means of knowledge will have the effect of notice, although the party was actually ignorant, merely because he would not investigate. It is well settled that if anything appears to a party calculated to attract attention or stimulate inquiry, the person is affected with knowledge of all the inquiry would have disclosed.' *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949."

*Whitehurst v. Garrett,* 196 N. C., 154, 144 S. E., 835, related to the indexing of chattel mortgages. It was there held that the indexing and cross-indexing in the chattel mortgage book was a sufficient compliance with C. S., 3561.

In *Story v. Slade,* 199 N. C., 596, 155 S. E., 256, a mortgage not indexed and cross-indexed was held invalid against a subsequent mortgage registered and properly indexed.

*Pruitt v. Parker,* 201 N. C., 696, 161 S. E., 212, related to indexing chattel mortgages under the Act of 1929. It was held that the priority was determined by the date of indexing and cross-indexing in the General Chattel Mortgage Cross-Index kept by the county.

*Watkins v. Simonds,* 202 N. C., 746, 164 S. E., 363, was a suit against the register of deeds for damages, instituted by the parties involved in *Heaton v. Heaton, supra.*

In *Ins. Co. v. Forbes,* 203 N. C., 252, 165 S. E., 699, the deed of trust from Emma J. Tucker and husband, S. D. Tucker, to F. J. Forbes, trustee, was indexed and cross-indexed "Tucker, S. D. *et ux.* to F. J. Forbes, Tr." This was held sufficient to constitute first lien on the land. The land belonged to Emma J. Tucker, and subsequent to the execution of the deed of trust to Forbes she and her husband, S. D. Tucker, conveyed to Leona P. Hudson. The deed to Hudson was indexed in name of Emma Tucker and cross-indexed in "S. D. Tucker *et ux.*" Hudson thereafter executed deed of trust to a trustee for the insurance company which claimed priority over the Forbes deed of trust. The Court reasoned thus: "When the examiner of the title to the Hudson land undertook to search the records the first inquiry would be: From whom did the Hudsons get the land? The records answered the inquiry by showing that Emma J. Tucker was a married woman and that her husband was S. D. Tucker, because they were the grantors of Leona P. Hudson in a deed indexed on the grantor's side 'Tucker al Emma to Leona Hudson.' The cross-indexes further disclosed the deed from 'J. B. Hill *et al.* to Emma J. Tucker, recorded on 30 December, 1916. Consequently the abstractor knew from the index that the land was duly conveyed to Emma J. Tucker, and that S. D. Tucker was her husband. Hence an examination of the grantor's cross-index would have revealed the deed of trust to Forbes, trustee, securing the $4,000 note to the National Bank of Greenville and indexed 'Tucker, S. D. *et ux.* to F. J. Forbes, Tr."

*Woodley v. Gregory,* 205 N. C., 280, 171 S. E., 65, had reference to conveyances registered since the Act of 1929. It was held that a prior deed of trust, indexed and cross-indexed in the full name of one grantor with abbreviations as to the other grantors *"et al.,"* did not constitute sufficient notice to a subsequent purchaser as to the other grantors.

A case somewhat analogous to the case at bar, relating to the cross-indexing of judgments, is *Trust Co. v. Currie,* 190 N. C., 260, 129 S. E., 605, where a judgment in favor of J. A. Currie and against Carey L. Stephens was properly docketed but cross-indexed as "J. A. Quick *v.*

Carey L. Stephens." Subsequently Carey L. Stephens conveyed land to a trustee. It was held that to constitute notice to a subsequent purchaser from the judgment debtor not only the name of the judgment debtor must appear in the cross-index but the name of the plaintiff also.

It is apparent from an examination of these statutes and decisions that the primary purpose of the law requiring the registration and indexing of conveyances is to give notice, and it has been repeatedly stated by those writing on this subject that an index will hold a subsequent purchaser or encumbrancer to notice if enough is disclosed by the index to put a careful and prudent examiner upon inquiry, and if upon such inquiry the instrument would be found.

Applying these principles of law to the facts of the instant case, it is apparent that the failure of the register of deeds to enter on the grantor side of the index the name of J. Frank Crowell, and instead indexing the deed as if it were one from J. L. Crowell, who was the grantor in more than a hundred conveyances on the same page, would not give notice to creditors and subsequent purchasers from J. Frank Crowell that the title was otherwise than still in him. From the standpoint of the creditor or purchaser from J. Frank Crowell, his deed to McLaurin was not indexed, and therefore not registered. There was no evidence that the judgment creditor had knowledge or notice otherwise than shown by the record of the transfer of title from J. Frank Crowell. There is nothing in the statute nor in any decision of this Court that would require an examiner of titles to go out to the premises and ascertain who was in possession of the premises and under what claim. The cardinal purpose of the registration and indexing laws is to provide records, that shall of themselves be sufficient, under careful and proper inquiry, to disclose the true state of the title to real estate. The provision in C. S., 3309, for the protection of those in the possession of land at the time of the passage of the Connor Act applied only to deeds executed prior to 1 December, 1885. It is axiomatic that no notice, however full and formal, can take the place of registration. *Collins v. Davis,* 132 N. C., 106, 43 S. E., 579; *Lanier v. Lumber Co.,* 177 N. C., 200, 98 S. E., 593; *McClure v. Crow,* 196 N. C., 657, 146 S. E., 713. The most prudent and careful searcher of titles would not be expected to examine the more than one hundred deeds referred to in the index as having been executed by J. L. Crowell to ascertain if by chance one of them had been erroneously indexed, nor, in the absence of knowledge or information or anything to stimulate inquiry or attract attention, to look under the letters in the alphabetical index of grantees to see if any grantee had registered a deed from J. Frank Crowell. That would be a task comparable to the proverbial search for a needle in a haystack.

Error in the record is not presumed. The statute required that the index should "state in full the name of all grantors."

The reasoning in *Ins. Co. v. Forbes, supra,* that the insurance company, in tracing back the title of the person from whom it obtained title, would disclose that the title was derived from Emma Tucker, and that she had previously conveyed to Forbes, is sound from the standpoint of one who is tracing back the title of his grantor whom he knows, but this view is inapplicable to the situation of one who occupies the position of purchaser from or creditor of the original owner and who is examining the record to ascertain if there is a conveyance or encumbrance from such owner, and who has no means of discovering from the index record that the land had been, or to whom, conveyed. The growth of population, the increasing activity and complexity of business, the multiplication of the number and character of conveyances render it necessary for the preservation of property rights, for the security of titles and the accuracy of determining them, that those charged with the duty of recording the instruments of title and encumbrances thereon be held to a strict compliance with the requirements imposed by the statutes and the decisions of this Court. The rules heretofore established should not be relaxed.

2. But the defendants contend that even if the deed from J. Frank Crowell to D. A. McLaurin was not properly indexed so as to constitute valid registration, the plaintiff and those under whom he claims have been in adverse possession of the land under color of title since 1925, for more than seven years prior to the docketing of the Michelin Tire Company's judgments in 1934, and that therefore the plaintiff cannot recover for breach of the warranty in his deed.

Unquestionably, as held in *Glass v. Shoe Co.,* 212 N. C., 70, adverse possession under the registered deed from D. A. McLaurin to A. F. Goodman for seven years would have ripened a good title in the plaintiff, sufficient to defeat his action against the defendant for breach of warranty, but for the fact that the deed relied on as color purports on its face to convey only a one-half interest in the land. Colorable title, under which a good title may be acquired by adverse possession, means a writing which upon its face purports to convey the title to land, but which for want of title in the grantor, or on account of defective mode of conveyance, may not convey the true title. *Barrett v. Brewer,* 153 N. C., 547, 69 S. E., 614; *Williams v. Scott,* 122 N. C., 545, 29 S. E., 877; *Tate v. Southard,* 10 N. C., 119. But the entry under color is effective to ripen a good title only in accordance with the title the instrument purports to convey, and the possession is deemed coextensive only with the limits thereof. The efficacy of the entry and possession under colorable title goes to the extent of the boundaries therein set out and the estate purported to be conveyed and no further. 1 Am.

Jur., 909. In *Carson v. Carson,* 122 N. C., 645, 30 S. E., 4, it was said: "This·Court has held that a deed is never color of title for more than it professes to convey. *McRae v. Williams,* 52 N. C., 430."

It follows, therefore, that by possession under the McLaurin deed of 1925 a good title was vested in the plaintiff as to one-half interest in the land only, the title to the other half-interest not having been conveyed until 1930, and that the judgments of the Michelin Tire Co. against J. Frank Crowell, docketed in 1934, constituted an encumbrance as to one-half interest in the land, in breach of the covenants and warranties in the deed from defendants to plaintiff.

The judgment of the court below that the plaintiff had no cause of action against the defendants must be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed.