B. C. CUTHRELL AND J. W. JENNETTE, TRUSTEE v.  CAMDEN COUNTY.

(Filed 1 March, 1961.)

**1. Mortgages and Deeds of Trust § 11: Public Welfare: Registration § 1—**
   Both a deed of trust and an old age assistance lien are required by law to be recorded. G.S. 161-22, G.S. 108-30.1.

**2. Registration § 2—**
   An instrument is not properly registered until it has been properly indexed. G.S. 161-22.

**3. Same—**
   Where the wife, by survivorship, acquires sole ownership of lands theretofore held by the entireties, the indexing of a mortgage thereon, executed by herself and children, in the name of one of the children "et al." constitutes an ineffectual registration.

**4. Same:   Public Welfare—**
   Old age assistance liens should be indexed in the names of lienees, alphabetically, and the indexing should refer to the books and pages at which the liens are recorded. G.S. 108-30.1, G.S. 161-22, G.S. 2-42.

**5. Same—**
   The purpose of registering instruments and their indexing is to give notice, and parties will be held to notice of all matters which would have been discovered by a reasonably prudent examiner from an inspection of the records themselves.

**6. Same—**
   In this case, the old age assistance lien was properly indexed in the name of the lienee, and the index referred to the proper lien book, but erroneously referred to page 120 of the book whereas the lien actually appeared on page 117. *Held:* The index was sufficient to give notice.

**7. Registration § 3—**
   A prior registered deed of trust was ineffectually indexed and the defect in the indexing was not cured until after the effective registration of the County's lien for old age assistance. *Held:* The lien for old age assistance has priority.

APPEAL by plaintiffs from *Bone, J.,* Fall 1960 Term, of CAMDEN.

This is a civil action instituted 3 September 1960 under the Declaratory Judgment Act (G.S. 1-253 *et seq.*) to determine priority as between a deed of trust held by plaintiffs and an old age assistance lien of defendant on the real property of Mollie Cuthrell.

The parties waived jury trial and agreed that the cause might be heard out of term and out of the county. The facts were stipulated and agreed as follows:

". . . Mollie Cuthrell became the owner in fee simple of an improved lot of land in Camden County, . . . upon the death of her husband,

the property having been conveyed to her and her husband as tenants by the entirety. Subsequently, on or about April 5th, 1950, a Deed of Trust was prepared conveying said lot in trust to J. W. Jennette, Trustee, to secure a note therein described, made payable to B. C. Cuthrell. The note was executed by the said Mollie Cuthrell, although her . . . children executed the Deed of Trust under the apparent erroneous impression that they had inherited the one-half interest of their father. This Deed of Trust was filed for record April 15, 1950, but the same was indexed on the Grantor side of the general index to deeds in the Office of the Register of Deeds of Camden County as "R. G. Cuthrell et al." The name of Mollie Cuthrell was not included at that time on the grantor index.

"Subsequently, Mollie Cuthrell applied for and was granted old age assistance by the defendant on or about the 11th day of April, 1950, after the recordation of the Deed of Trust mentioned above. A lien for such old age assistance was filed for record in the office of the Clerk of the Superior Court of Camden County, North Carolina, and in the index to judgments and liens in said Clerk's office, on the defendant's side, Mollie Cuthrell's name appears showing a lien filed against her in Lien Book 1, at page 120. However, no lien against Mollie Cuthrell is recorded on page 120 of Lien Book 1, but there is an old age assistance lien recorded in Lien Book 1, at page 117, the number of said certificate being 120. This lien was filed on January 12, 1952, against Mollie Sawyer Cuthrell.

"Subsequently, it was discovered that the Deed of Trust given by Mollie Cuthrell and others to J. W. Jennette, Trustee, hereinabove referred to, was not indexed in the name of Mollie Cuthrell, and the same was thereupon indexed on the Grantor side of the general index to deeds in the office of the Register of Deeds in Camden County on January 5, 1960, against said Mollie Cuthrell. The lien claimed by Camden County has never been indexed anywhere showing the same to be recorded on page 117 of Lien Book 1."

On 17 October 1960 judgment was entered declaring that the old age assistance lien has priority over the deed of trust.

Plaintiffs appeal.

*J. W. Jennette and LeRoy, Goodwin & Wells for plaintiffs.*
*E. Ray Etheridge for defendant.*

MOORE, J.   Both the deed of trust and the old age assistance lien are by law required to be recorded. G.S. 161-22; G.S. 108-30.1. It is conceded by all parties that "priority" in this case means priority of recordation. ". . . (N)o instrument shall be deemed to be properly

registered until the same has been properly indexed . . ." G.S. 161-22. Indexing of deeds is an essential part of registration, and the indexing of judgments is an essential part of docketing. *Cotton Co. v. Hobgood,* 243 N.C. 227, 90 S.E. 2d 541; *Story v. Slade,* 199 N.C. 596, 155 S.E. 256; *Fowle v. Ham,* 176 N.C. 12, 96 S.E. 639; *Ely v. Norman,* 175 N.C. 294, 95 S.E. 543.

The deed of trust held by plaintiffs was not properly indexed, and therefore not properly recorded, until 5 January 1960. Mollie Cuthrell was the owner of the land and executed the deed of trust, but it was not indexed in her name. Her children, though they had no title to the land, also signed the deed of trust. One of the grantors therein was R. G. Cuthrell. It is assumed that he was one of the children. The grantors were listed in the "grantor" side of the general index to deeds as "R. G. Cuthrell et al." In a case in which there were several grantors in a deed of trust, it was held that the indexing and cross-indexing of the instrument in the full name of one of the grantors, the other grantors being referred to solely by the expression "et al," was sufficient notice only as to the grantor fully named in the index. *Woodley v. Gregory,* 205 N.C. 280, 171 S.E. 65. We think this holding correct where the sole owner of the property, as in the instant case, is not named in the index, but is one of those referred to by the abbreviation "et al." The deed of trust was properly recorded on 5 January 1960 when the proper indexing was supplied.

The old age assistance lien was filed and transcribed in the lien book on 12 January 1952. The original indexing has not been changed. The decisive question on this appeal is whether or not the indexing of the lien was legally sufficient to give notice to subsequent purchasers and lienholders and establish priority over subsequently recorded conveyances and liens.

The legislative authority for the establishment of old age assistance liens is contained in G.S. 108-30.1. With reference to recording and indexing, this section provides that "The statement (lien) shall be filed in the regular lien docket and shall be cross-indexed showing the name of the county filing said statement as claimant and the name of the recipient as owner." This provision was rewritten by S.L. 1953, c. 260, as follows: "The statement shall be filed in the regular lien docket, showing the name of the county filing said statement as claimant, or lienor, and the name of the recipient as owner, or lienee, and same shall be indexed in the name of the lienee in the defendants' or reverse alphabetical, side of the cross-index to civil judgments; in said index the county shall appear as plaintiff, or lienor; no cross-index in the name of the county, or lienor, shall be required." These recording and indexing requirements are less specific than those relating to

deeds and judgments. They should be construed in *pari materia* with the recording and indexing provisions of G.S. 161-22 and G.S. 2-42. It is necessarily inferred that old age assistance liens should be indexed in the names of the lienees alphabetically and the indexing should refer to books and pages.

The Cuthrell lien was transcribed in Lien Book 1, at page 117, and bears certificate number 120. ". . . (I)n the index to judgments and liens . . . on the defendant's side, Mollie Cuthrell's name appears showing a lien filed against her in Lien Book 1, at page 120." The only error in indexing is the page reference. The index correctly refers to Lien Book 1, but erroneously refers to page 120. The lien record is on page 117.

In order for a recordation to be effective as notice there must be a substantial compliance with the indexing statutes. The general rule to be applied in determining the sufficiency of an irregular indexing has been stated by this Court in these terms: ". . . (T)he primary purpose of the law requiring the registration and indexing of conveyances is to give notice, and it has been repeatedly stated by those writing on this subject that an index will hold a subsequent purchaser or encumbrancer to notice if enough is disclosed by the index to put a careful and prudent examiner upon inquiry, and if upon such inquiry the instrument would be found. . . . The cardinal purpose of the registration and indexing laws is to provide records that shall of themselves be sufficient, under careful and proper inquiry, to disclose the true state of the title to real estate." *Dorman v. Goodman*, 213 N.C. 406, 412, 196 S.E. 352.

In the following circumstances the indexing was held insufficient for notice and not in substantial compliance with statutory requirements: J. Frank Crowell was grantor in a deed; it was indexed "J. L. Crowell" — there was a J. L. Crowell and his name appeared in the grantor index more than a hundred times. *Dorman v. Goodman, supra*. Wife owned land; she and her husband executed a mortgage; it was indexed and cross-indexed only in the name of the husband. *Heaton v. Heaton*, 196 N.C. 475, 146 S.E. 146. An instrument creating a lien on real estate was indexed and cross-indexed only in the chattel mortgage index. *Bank v. Harrington*, 193 N.C. 625, 137 S.E. 712 (Court equally divided — no precedent). Judgment in favor of J. A. Currie cross-indexed in the name of J. A. Quick. *Trust Co. v. Currie*, 190 N.C. 260, 129 S.E. 605. Public officer gave mortgage in lieu of official bond; it was indexed only in the Bond Book. *Hooper v. Tallassee Power Co.*, 180 N.C. 651, 105 S.E. 327.

In the following instances indexing was declared sufficient: Corporate trustee executed a deed; it was indexed in the name of the

corporation, but the index did not indicate the capacity of the corpo-
ration as trustee. *Tocci v. Nowfall*, 220 N.C. 550, 18 S.E. 2d 225.
Wife owned land; she and husband executed a deed of trust; it was
indexed in the name of the husband "et ux." *Prudential Insurance
Co. v. Forbes*, 203 N.C. 252, 165 S.E. 699. Jesse Hinton and wife
owned land by the entirety and executed a deed of trust which was
indexed "Jesse Hinton and wife." *West v. Jackson*, 198 N.C. 693, 153
S.E. 257. Index book had alphabetical subdivision of each letter; a
deed of trust executed by one Harrison was indexed in the subdivision
"Haa to Hap" instead of the subdivision "Har to Haz." *Clement v.
Harrison*, 193 N.C. 825, 138 S.E. 308.

*Cotton Co. v. Hobgood, supra,* is an indexing case involving an
incorrect reference to book and page. A chattel mortgage and crop
lien was filed in the office of the Register of Deeds of Moore County
on 23 May 1952 and transcribed in Chattel Mortgage Book 115, at
page 70. The names of the parties were properly indexed and cross-
indexed, but in both instances the reference was to Chattel Mortgage
Book 102, page 493. Book 102 contained no such numbered page. The
cross-index was corrected in May 1952 and the grantor index on 26
November 1954, after institution of the action. Crops covered by the
chattel mortgage were sold at defendants' warehouse in the Fall of
1952. The trial court held that the chattel mortgage was not recorded
as required by law. This Court reviewed many former decisions and
concluded: "In light of our decisions, we hold that the indexing was
sufficient to put a careful and prudent examiner upon inquiry. More-
over, from and after 1 June, 1952, the instrument was cross-indexed
properly and accurately as required by statute. We cannot con-
ceive of a careful examiner failing to examine the cross-index when
he found the instrument was not recorded in the book and on the
page referred to in the direct index." We think this compelling au-
thority for defendant's position in the instant case. The irregularity
was much greater in the *Cotton Company* case.

*Barney v. Little*, 15 Iowa 527, is practically identical with the case
*sub judice*. There, a mortgage was entered of record in Book 3, at
page 546. The index entry referred to Book 3, page 596. There, as
here, the only material irregularity was the page reference. In holding
the recordation sufficient, the court said: "It is a purchaser's duty to
examine the record. The law places the means at his disposal. It re-
quires all matters affecting titles to appear of record If he omits to
examine, he is to impute the loss, if any, to his own indolence or folly.
. . . Assuming the instrument to be one which may properly be regis-
tered, the law charges him with a knowledge of all facts which an
ordinarily careful examiner of the records would have made him

cognizant of. Having thus settled the rule which is to be applied, the Court cannot avoid the conclusion, that if the appellants, in the case under consideration, had made an ordinarily diligent, skillful and careful examination of the records, the mortgage in question would have been discovered to them."

". . . (I)t is a universally accepted principle that 'constructive notice from the possesion of the means of knowledge will have the effect of notice, although the party was actually ignorant, merely because he would not investigate. It is well settled that if anything appears to a party calculated to attract attention or stimulate inquiry, the person is affected with knowledge of all the inquiry would have disclosed.' " *West v. Jackson, supra.*

Applying the rule laid down in the *Dorman* case, it is our opinion, and we so hold, that defendant's lien was indexed in substantial compliance with statutory requirements and has priority over plaintiffs' deed of trust. Enough is disclosed by the index to put a careful and prudent examiner on inquiry. It plainly shows that there is a lien against Mollie Sawyer Cuthrell in favor of Camden County recorded in Lien Book 1. By a careful examination of the indicated Book the record of the lien would be found.

The judgment below is
Affirmed.