PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: JOHN G. MCCORMICK,

*Debtor.*

---

SUNTRUST BANK, N.A.,

*Plaintiff-Appellant,*

v.

MARC MACKY; MARYANN MACKY,

*Plaintiffs-Appellees,*

v.

JOHN A. NORTHEN, Trustee,

*Defendant-Appellee,*

and

MICHAEL D. WEST, Bankruptcy Administrator,

*Party-in-Interest.*

No. 10-2027

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Thomas D. Schroeder, District Judge.
(1:09-cv-00924-TDS)

Argued: December 7, 2011

Decided: February 10, 2012

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

---

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Agee and Judge Wynn joined.

---

## COUNSEL

**ARGUED:** Christopher Charles Finan, ROBERSON, HAWORTH & REESE, High Point, North Carolina, for Appellant. David Rooks, III, NORTHEN BLUE, LLP, Chapel Hill, North Carolina; Robert Nelson Maitland, II, MAITLAND LAW FIRM, Chapel Hill, North Carolina, for Appellees. **ON BRIEF:** Joseph Jude Vonnegut, HUTCHENS, SENTER & BRITTON, Fayetteville, North Carolina, for Appellant.

---

## OPINION

NIEMEYER, Circuit Judge:

In this bankruptcy case, in which John McCormick is the debtor, SunTrust Bank, N.A., filed a proof of claim for repayment of a loan that it claimed was secured by a deed of trust on two contiguous parcels of McCormick's real property in Orange County, North Carolina, known as "Tract I" and "Tract II." The Trustee commenced this action under 11 U.S.C. § 544(a)(3) to avoid the lien on Tract I because the deed of trust, while recorded on the official recordation index of Orange County as to Tract II, was not so recorded as to Tract I.

SunTrust contended that even though the recordation was deficient, the Trustee was imputed with constructive knowl-

edge of the lien on Tract I because either (1) he had constructive knowledge of the deed of trust that was properly recorded as to Tract II, which by its terms also created a lien on Tract I; or (2) the deed of trust was recorded in an unofficial index in Orange County and a careful and prudent title examiner would have found the lien on Tract I in that index.

The bankruptcy court rejected SunTrust's arguments and ordered SunTrust's lien on Tract I avoided under § 544(a)(3), and the district court affirmed. We too affirm. Because the Trustee's status vis-a-vis the title of Tract I is, under § 544(a)(3), that of a bona fide purchaser under North Carolina law, the Trustee is only imputed with the notice that would be imputed to a bona fide purchaser of Tract I under North Carolina law. And North Carolina law allows a purchaser to rely exclusively on the official recordation index of the county to discover liens, *regardless of what other independent knowledge* that purchaser might have.

I

In 1994, John McCormick and his wife acquired two contiguous parcels of real property in Orange County, North Carolina—"Tract I," consisting of six lots, and "Tract II," consisting of two lots. The deed for both tracts was properly recorded on January 5, 1995, on the PIN (parcel identifier number) index in Orange County. The PIN index, which is the County's official real property recording index, was adopted by Orange County in 1983 as the official index in lieu of its previous grantor/grantee index system used by the County before 1983. Under the PIN index system, each parcel of real property in the county is given a unique "parcel identifier number," which is then used as the basis for recording all instruments relating to that parcel. Orange County continued to use the traditional grantor/grantee index system, but it did so only as an unofficial index on which to record instruments on an interim basis for the period between when the instru-

ment is offered for recordation and when its recordation on the PIN index is certified, usually a few days.

In 1999, the McCormicks borrowed $178,275 from Central Carolina Bank and Trust Company (later merged into Sun-Trust Bank, N.A.) (herein, "SunTrust"), and they secured the loan with a deed of trust given as to both Tracts I and II. When submitted for recordation, however, the deed of trust included only the PIN number of Tract II and not the PIN number for Tract I. Accordingly, it was recorded only on the PIN index against Tract II.

In 2004, John McCormick borrowed $60,000 from Marc and Maryann Macky, and he secured that loan with a deed of trust on four lots (lots 1, 4, 5, and 6) in Tract I. That deed of trust was properly recorded on the PIN index in Orange County.

McCormick was placed into involuntary bankruptcy in August 2006, and John Northen was appointed Trustee of the bankruptcy estate. In administering the estate, Northen sold all of the lots in Tract I and transferred the liens recorded against Tract I to Tract I's proceeds of sale. He thereafter commenced this adversary proceeding under 11 U.S.C. § 544(a)(3) to avoid SunTrust's 1999 lien claimed by Sun-Trust against the proceeds, because the lien against Tract I had not been properly recorded on the PIN index and, as the parties agreed, a search of the PIN index as to Tract I on the date of the bankruptcy petition would not have disclosed the existence of SunTrust's 1999 deed of trust on Tract I. The Mackys, whose lien for $60,000 was created in 2004 (after SunTrust's 1999 lien), supported the Trustee's position, which would benefit the Mackys' lien by avoiding SunTrust's prior but improperly recorded lien.

In response to the Trustee's motion for summary judgment, SunTrust argued that even though its 1999 deed of trust was not recorded on the PIN index against Tract I, "a competent

title searcher, upon examining the deed of trust for Tract II, would have discovered Tract I as a result of such examination," because the text of the deed of trust created liens on both Tracts I and II. SunTrust also argued that a search of the unofficial grantor/grantee index would have "revealed the existence of the SunTrust Deed of Trust as a lien against both Tracts I and II."

The bankruptcy court rejected SunTrust's arguments, observing that North Carolina is a "pure race" jurisdiction such that "the first to record an interest in land holds an interest superior to all other purchasers for value, regardless of actual or constructive notice as to any unrecorded conveyances." The court concluded that North Carolina's "Indexing Statutes indicate a legislative intent to require that when a county has adopted a PIN index as its official index, an instrument must be indexed in such an official index in order to be registered." Thus, "where, as is the case in Orange County, a county has implemented a PIN index that complies with the requirements of N.C. Gen. Stat. § 161-22.2, such a PIN index is the only index that is required by statute to be maintained. . . . [T]he result is that when a county adopts a PIN index as its official index, an instrument must be indexed as provided for in N.C. Gen. Stat. § 161-22.2 in order to be registered." Accordingly, based on N.C. Gen. Stat. § 47-20(a) and 11 U.S.C. § 544(a), the court avoided SunTrust's lien against Tract I.

On appeal, the district court affirmed for substantially the same reasons given by the bankruptcy court, entering judgment dated August 6, 2010, in favor of the Trustee and the Mackys. This appeal followed.

II

SunTrust acknowledges that its 1999 deed of trust on Tract I was not recorded against Tract I on the PIN index as of August 2006, when the bankruptcy petition was filed. It also

acknowledges that the PIN index was the official index on which to record real property instruments in Orange County, and that a title search of Tract I in the PIN index in August 2006 would not have disclosed its deed of trust. It argues nonetheless that the Trustee cannot avoid its 1999 lien on Tract I, relying on two facts: (1) the deed of trust was recorded on the PIN index in connection with Tract II, and anyone searching the title to Tract II would have seen the deed of trust, which, by its terms, creates a lien also on Tract I; and (2) the deed of trust was recorded in the grantor/grantee index, and the lien on Tract I would have been discovered by a search of that index. Accordingly, it contends that a bona fide purchaser would have had constructive notice of its lien on Tract I, and the Trustee, who stands in the shoes of a bona fide purchaser, would have been imputed with the same notice.

The Trustee agrees that he stands in the shoes of a bona fide purchaser at the time the bankruptcy petition was filed. But he argues that a bona fide purchaser of Tract I at that time would not have purchased Tract I subject to SunTrust's 1999 lien, regardless of the knowledge imputed to the purchaser, because the lien was not recorded in the official recordation index in Orange County—the PIN index.

The Trustee's authority to avoid liens arises from 11 U.S.C. § 544(a)(3), which provides:

> *The trustee* shall have, as of the commencement of the case, and *without regard to any knowledge of the trustee* or of any creditor, the rights and powers of, or *may avoid* any transfer of property of the debtor or *any obligation incurred by the debtor that is voidable by*—
>
>                     * * *
>
> (3)   *a bona fide purchaser of real property . . . from the debtor*, against whom applicable law per-

mits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(Emphasis added). Thus, when determining whether a Trustee can avoid a lien created before the bankruptcy petition was filed, the Trustee's actual knowledge of the lien is irrelevant. His right to avoid is determined by whether, under state law, a bona fide purchaser of the property would have taken the property subject to the lien. If a bona fide purchaser would not have taken it subject to the lien, then neither would the Trustee. *See Havee v. Belk*, 775 F.2d 1209, 1218 (4th Cir. 1985) (explaining that 11 U.S.C. § 544 "gives the Trustee the status of a hypothetical lien creditor . . . but . . . his exercise of such power and its extent are governed entirely by the applicable state law"). In this case, therefore, the Trustee's right to avoid SunTrust's lien on Tract I turns on whether a bona fide purchaser of Tract I in August 2006 would, under North Carolina law, have acquired the property free of the lien.

North Carolina law has established a precise recording system on which purchasers of real property can rely when searching for the existence of prior liens. If a prior lien is not properly recorded in accordance with the system, then the purchaser can count on taking property as if no lien exists, even though the purchaser may have knowledge that an earlier lien had been created. *See Hill v. Pinelawn Mem'l Park, Inc.*, 282 S.E.2d 779, 782 (N.C. 1981). Manifesting this understanding, North Carolina law provides categorically that "instruments registered in the office of the register of deeds shall have priority based on the order of registration as determined by the time of registration." N.C. Gen. Stat. § 47-20(a). The North Carolina Supreme Court has articulated the full implication of the rule, as well as its rationale, as follows:

> The purpose of [the recording statute] is to enable intending purchasers and encumbrancers *to rely with safety on the public record concerning the status of land titles*. It serves to provide constructive notice of claims to real property. It has been characterized as a pure race statute. Where a grantor conveys the same property to two different purchasers, the first purchaser to record his deed wins the race to the Register of Deeds' office and thereby defeats the other's claim to the property, *even if he has actual notice of the conveyance to the other purchaser*. Thus, in order to protect himself against the possibility that his grantor has conveyed the same property to another, a purchaser must examine the public registry. *If he finds no record of such, even if he knows there has been a prior conveyance, he may record his deed with the assurance that his title will prevail*.

*Hill*, 282 S.E.2d at 782 (emphasis added) (citations and internal quotation marks omitted). In short, the recordation of real property instruments in North Carolina on the appropriate recording index is a "cook-book" process that, when followed, gives the only enforceable notice to subsequent purchasers of the instrument, thereby assuring such purchasers that the status of title is as appears on the index, regardless of that purchasers' knowledge about matters not appearing on the index.

North Carolina authorizes counties in North Carolina to select one of two methods for indexing real property instruments—either the traditional "grantor/grantee index" system or the PIN index system. N.C. Gen. Stat. § 161-22(a), 161-22.2(a). Section 161-22.2(a) provides that the PIN index system, if selected, would be "[i]n lieu of" the grantor/grantee index system, such that either one or the other index would be the official recordation index, but not both.

In 1983, Orange County elected to adopt the PIN index system in lieu of the grantor/grantee index, and by county ordi-

nance, the Register of Deeds in Orange County is instructed "not [to] accept for registration any . . . instrument containing a description of the real property affected by the instrument unless the parcel identifier numbers of all parcels affected have been assigned and written on the instrument by the County Land Records Office." Orange County, N.C., Code of Ordinances § 22.2(b). In practice, Orange County has retained the grantor/grantee index as an unofficial index to be used for the few days between when an instrument is offered for recordation and when the certificate of registration on the PIN index issues. But the official index remains the PIN index.*

In this case, McCormick borrowed $178,275 in 1999 from SunTrust, giving SunTrust a deed of trust creating a lien on both Tracts I and II. At the time of recordation, however, only the parcel identifier number for Tract II was placed on the instrument, and accordingly it was recorded on the PIN index only against Tract II. The 1999 deed of trust did not appear in the PIN index chain of title for Tract I.

SunTrust argues nonetheless that because the Trustee is imputed with notice of the status of title with respect to all real property in the bankruptcy estate and both Tract I and Tract II were part of the bankruptcy estate, he had constructive notice that the deed of trust created a lien on both Tract I and Tract II, even though recorded only against Tract II. It asserts, "The Trustee is incapable of claiming entitlement to the status of a [bona fide purchaser] under 11 U.S.C. § 544(a) as to Tract I because his duty to have examined title to Tract II (as of the Petition Date) would admittedly have revealed the

---

*While we have not found a North Carolina case addressing precisely the interplay between a PIN index as the official index and a grantor/grantee index as the unofficial index, especially when an instrument is recorded only on the unofficial index, North Carolina law likewise does not provide a mechanism by which we could certify the question to North Carolina's Supreme Court, unlike the law in the other States in the circuit. *See MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 284 (4th Cir. 2008).

existence of the SunTrust deed of trust and, thus, its valid lien upon both Tracts I and II." In making this argument, however, SunTrust blurs the distinction between the notice given by a properly recorded lien and notice derived from other sources. It also bypasses the limitation that a trustee's notice is limited to that imputed to a bona fide purchaser.

First, under § 544, the Trustee is imputed with only the knowledge imputable to a bona fide purchaser, "*without regard to any knowledge* of the trustee." 11 U.S.C. § 544(a)(3) (emphasis added). Accordingly, SunTrust's efforts to impute knowledge to the Trustee of its 1999 lien through his role as Trustee of the bankruptcy estate must fail except to the extent that a bona fide purchaser is imputed with knowledge.

Second, a bona fide purchaser of Tract I would have no reason to examine the title to Tract II, as might the Trustee, and thus cannot be imputed with knowledge of the status of title other than as appears with respect to Tract I. And as the parties agree, a search of title as to Tract I would not have disclosed the SunTrust lien.

Third and most importantly, the simple *knowledge* of the deed of trust's application to Tract I is irrelevant under North Carolina law. Under North Carolina law, a person seeking to encumber property with an enforceable lien must record the lien against that property in the official index such that a purchaser looking at that index would discover the lien. As the North Carolina courts have pointed out, a purchaser looking at that index *can rely* on the fact that no lien exists as to the parcel if it does not appear on the index, even "if [the purchaser] has actual notice" of the lien. *See Hill*, 282 S.E.2d at 782. A lien becomes enforceable against a purchaser only by recording the lien against the property on the official index, not by imputing knowledge to the purchaser through some other source or mechanism. *See Turner v. Glenn*, 18 S.E.2d 197, 201 (N.C. 1942) ("[I]t has become axiomatic with us that

no notice, however full and formal, will take the place of registration" (internal quotation marks omitted)). Indeed, under North Carolina law, compliance with North Carolina's real property recording system is *the only way* to provide constructive notice of a lien to subsequent purchasers. *See Cuthrell v. Camden Cnty.*, 118 S.E.2d 601, 603 (N.C. 1961) ("In order for a recordation to be effective as notice there must be a substantial compliance with the indexing statutes").

Because a bona fide purchaser of Tract I would not, at the time of the bankruptcy petition, be imputed with knowledge of SunTrust's 1999 lien because it did not appear on the PIN index for Tract I, the purchaser would not have taken the property from the debtor subject to a preexisting lien not so recorded, *even if the purchaser had knowledge of the lien*. Because the Trustee simply stands in the same shoes as the bona fide purchaser, he likewise is not imputed with knowledge of SunTrust's prior lien on Tract I.

SunTrust argues that in any event its deed of trust *substantially* complied with North Carolina's indexing system in that SunTrust recorded its lien "in the proper county, with the proper legal descriptions, was properly indexed as to both Tracts I and II under Orange County's grantor/grantee index, and was properly indexed under the PIN system as to Tract II. Additionally, the legal description for both Tracts I and II appear on the same page of the SunTrust deed of trust." It maintains that any careful and prudent title examiner would have discovered its lien on Tract I, either by examining the title to Tract II or by looking at the grantor/grantee index.

While North Carolina recognizes *substantial* compliance with a recording requirement, *see Cuthrell*, 118 S.E.2d at 603, SunTrust cannot demonstrate that it substantially complied, or complied to any extent, with Orange County's requirement to record its lien on Tract I in the PIN index. That requirement demands that a deed of trust, to be effective against a parcel of real property, be recorded in the PIN index for that parcel.

Concededly, SunTrust never recorded the deed of trust in any manner on the PIN index for Tract I.

North Carolina law is clear that when a county elects to use a PIN index system, it does so "[i]n lieu of" the grantor/grantee index system, N.C. Gen. Stat. § 161-22.2(a), and upon doing so that index becomes "the official real property index" for the county, *id.* § 161-22.2(e). We would effectively be laying waste to North Carolina's recordation system if we were to conclude that recording a deed of trust on some unofficial index, not the official index, amounted to substantial compliance or that recording a deed of trust with respect to the wrong parcel substantially complied with the recordation requirements. As the North Carolina Supreme Court has explained, "It is necessary in the progress of society, under modern conditions, that there be *one place* where purchasers may look and find the status of title to land." *Turner*, 18 S.E.2d at 200-01 (emphasis added). And SunTrust did not record its lien *at all* in that "one place," much less in substantial compliance with the requirements.

Finally, SunTrust devotes a substantial effort to making the distinct argument that any careful and prudent title examiner would have discovered SunTrust's lien, and therefore the Trustee should be imputed with knowledge of what would have been discovered. This argument, however, still gains SunTrust no advantage. Again, the test under North Carolina law is not whether a bona fide purchaser had *knowledge* of a lien or whether the trustee in bankruptcy is imputed with *knowledge* of a lien. Rather, the test is whether the lien *was recorded* on the official index, and this test gives no effect to the knowledge of the bona fide purchaser or the Trustee acquired from some source other than the official index. *See Hill*, 282 S.E.2d at 782.

At bottom, we conclude that because a bona fide purchaser of Tract I in August 2006, when the bankruptcy petition was filed, would not be charged with notice of SunTrust's 1999

lien based on an examination of the PIN index in Orange County, the Trustee likewise is not imputed with such knowledge. Therefore, the Trustee was properly allowed to avoid the lien under 11 U.S.C. § 544(a)(3). The judgment of the district court is

*AFFIRMED*.