### N. C. HENRY v. FARMER HERBERT SANDERS.

(Filed 13 October, 1937.)

**Judgments § 19c—Grantee having knowledge of maiden name of grantor takes subject to lien of judgment against grantor indexed under maiden name.**

Judgment was obtained against a single woman, but was docketed after her marriage and indexed in her maiden name. Thereafter she acquired property, which she subsequently sold to defendant. Defendant had knowledge of her maiden name, but failed to inform his lawyer who investigated the title. *Held:* Defendant having knowledge of the name of his grantor before her marriage, took with notice of the prior judgment, since a search of the records under her maiden name would have disclosed the judgment, and the failure of defendant to impart his knowledge to his attorney cannot affect the rights of the parties. C. S., 613, 614.

APPEAL by defendant from *Alley, J.,* at July-August Term, 1937, of TRANSYLVANIA. Judgment affirmed.

The controversy without action was submitted upon an agreed statement of facts, the material portions of which may be concisely stated in chronological order as follows:

On 21 October, 1930, plaintiff obtained judgment in the sum of $161.00 before a justice of the peace against Minnie Brewer.

On 2 January, 1931, Minnie Brewer married H. C. Baynard.

On 4 March, 1931, plaintiff's judgment was docketed in the Superior Court of Transylvania County (the county in which the land lies and where all the parties except plaintiff reside), and was indexed and cross indexed in the name of Minnie Brewer.

On 1 October, 1934, H. C. Baynard died, leaving a will in which he devised the premises to his wife, Minnie Baynard.

On 11 August, 1936, Minnie Baynard conveyed the land (8 acres) in fee to the defendant.

It was admitted that the defendant Sanders had actual knowledge at the time that the name of Minnie Baynard before her marriage was Minnie Brewer; that he employed an attorney to examine the title, but did not inform his attorney of the former name of Minnie Baynard, and the attorney reported that the title was good.

Plaintiff seeks to subject the land to levy and sale under execution by virtue of the lien of his judgment. The court below held that the judgment constituted a lien on the land conveyed by Minnie Baynard (formerly Minnie Brewer), and that plaintiff was entitled to have execution issue. Judgment was entered accordingly, and defendant appealed.

*G. H. Valentine for plaintiff, appellee.*
*Ralph H. Ramsey, Jr., for defendant, appellant.*

DEVIN, J.   The question presented by this appeal is whether a judgment entered against an unmarried woman in her name at that time and docketed shortly after her marriage and consequent change of name, constitutes a lien on after acquired real property.   The statute (C. S., 613) requires that judgments shall be indexed and cross indexed, and that the entries must contain the names of the parties.   While docketing is not an essential condition to the efficacy of a judgment, docketing is required in order that third persons may have notice of the existence of the judgment lien.   *Trust Co. v. Currie,* 190 N. C., 260.   C. S., 614, provides that a judgment docketed on the judgment docket of the Superior Court of any county "is a lien on the real property, in the county where the same is docketed, of every person against whom any such judgment is rendered, and which he has at the time of docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter."

In *Dewey v. Sugg,* 109 N. C., 329, it was said that these statutes were intended "to enable any person to learn that there is a docketed judgment in favor of a certain party or parties, and against certain other parties.   .   .   .   The purpose is, that the index shall point to a judgment against the particular person inquired about if there be a judgment on the docket against him."   *Trust Co. v. Currie, supra.*

Appellant contends that on the facts stated the plaintiff's lien was lost and cites in support of his view the case of *Huff v. Sweetser,* 8 Cal. App., 689 (1908), where, upon facts somewhat similar, the Court held the purchaser took title freed from the lien of the judgment.   While the reasoning in that case is persuasive, we are not inclined to apply it to the facts in the case at bar.

A purchaser of land is affected with such notice as the docket and index entries afford.   "If they (the entries) are of such character as would induce a cautious and prudent man to make an examination, he must make such investigation, or the failure to do so will be at his peril." *Metz v. Bank,* 7 Neb., 165.

Here it is admitted that the defendant knew that the name of his grantor before her marriage to Baynard was Minnie Brewer.   An examination of the judgment docket for the name of Minnie Brewer would have revealed plaintiff's judgment.   The fact that he did not impart his knowledge of the pertinent facts to his attorney cannot avail him.

We concur in the ruling of the court below, and the judgment is
Affirmed.