NEW HANOVER COUNTY, A MUNICIPAL CORPORATION v. NATHANIEL HOLMES, SR., AND WIFE, MARGARET WATERS HOLMES, AND WARREN W. LASSITER, AND WIFE, FRANCIS F. LASSITER

No. 725DC286

(Filed 2 August 1972)

**Public Welfare; Registration § 2— lien under present name — property under former name**

Where a lien for aid to the permanently and totally disabled was docketed under the married name of the recipient as of the time the aid was provided, the fact that the recipient then owned real property under her former name would not, standing alone, bar enforcement of the lien against such property as a matter of law. Former G.S. 108-73.12(a).

APPEAL by plaintiff from *Barefoot, District Judge,* 22 November 1971 Session of District Court held in NEW HANOVER County.

Action to foreclose a lien created under former G.S. 108-73.12(a) providing for liens on the real property of recipients of aid to the permanently and totally disabled. The amount sought to be recovered is $1,769.00. Defendants Lassiter moved for summary judgment. The court proceeded to make "findings of fact," granted the motion and entered judgment dismissing plaintiff's action.

*Murchison, Fox & Newton by Joseph O. Taylor, Jr., for plaintiff appellant.*

*Douglas P. Connor for defendant appellees Warren W. Lassiter and Francis F. Lassiter.*

VAUGHN, Judge.

The entry of summary judgment is improper where, as here, genuine issues exist as to the material facts and the judge purports to resolve such issues.

In order to reach the question of law involved we will, however, with some reluctance and for purposes of the appeal only, assume the following facts on which the judge appears to rely, as true:

(1) The property in question is located on 11th Street in Wilmington, North Carolina. Edna Robinson Spears acquired title to the property on 13 October 1956, as the surviving tenant by the entireties upon the death of her husband, Leonard Spears. On 14 March 1959, she married Leroy James. Though both parties to the marriage were residents of Wilmington, North Carolina, the marriage took place in Horry County, South Carolina.

(2) In October 1963, Edna R. James applied for aid to the permanently and totally disabled. The application was approved and the lien against the property of Edna Robinson James was duly docketed and indexed according to the provisions of former G.S. 108-73.12(a).

(3) In June 1966, a deed of trust on the real estate was executed to Lloyd S. Elkins, trustee. The deed of trust was given to secure the payment of a note to Lassiter Home Improvement Company in the amount of $840.00. The name of the grantor in the deed of trust was signed Edna R. Spears.

(4) "Edna" died in in 1967. The death certificate was filed as "Edna Spears James Henry. . . 11th Street, Wilmington, North Carolina. . . " By letter from an attorney dated 11 January 1968, defendant Warren Lassiter was advised that an examination of the record title to the property had been made. The report did not disclose the existence of plaintiff's lien.

(5) By letter from an attorney dated 15 January 1968, the defendant Warren Lassiter was advised of the existence of plaintiff's lien and advised that the appraised value of the property was $2,950.00.

(6) The deed of trust (executed in 1966 to Lloyd S. Elkins, Jr., trustee) was foreclosed. At the foreclosure sale on 1 March 1968, defendants Lassiter purchased the property on their bid of $700.00. Defendants Lassiter later conveyed to defendants Holmes.

Among other things, the court concluded that plaintiff, by filing its lien in the name of "Edna R. James," filed the lien

outside the chain of title of record in New Hanover County and that the lien upon which its claim is based is outside the chain of title and that the same was not a proper and valid encumbrance on the property.

So far as is disclosed by this record, Edna Robinson James was the name of the recipient of the welfare aid. The lien was docketed in that name and from the date of docketing constituted a lien against any real property of the recipient then owned or thereafter acquired by the recipient. G.S. 108-73.12(a) (rewritten by Chapters 546 and 1165, Session Laws of 1969). The fact that property was subsequently acquired or then owned by her in a different name, would not, standing alone, bar enforcement of the lien against such property as a matter of law. In *Henry v. Sanders,* 212 N.C. 239, 193 S.E. 15, judgment was entered against an unmarried woman in her name at that time and docketed shortly after her marriage and subsequent change of name. Thereafter she sold land which she had acquired in her married name. The court upheld the right of the owner of the judgment to subject the land to levy and sale under execution on the judgment. In that case the purchaser knew the name of his grantor prior to her marriage, but did not impart this knowledge to his attorney who examined the title.

As is observed by Professor Webster in his recent book, *Real Estate Law in North Carolina,* at page 628, "the 'record title' to real property is not necessarily 'good title'." Moreover, there is nothing in the record before us to indicate what inquiry defendants made as to the status of the title, record or otherwise prior to the execution of the deed of trust, and nothing to indicate what inquiry, if any, was made as to the true name or marital status of the grantor. If a party fails to make such inquiry as a cautious and prudent man would make, he is nevertheless affected with knowledge of all that such inquiry would have disclosed. *Cotton v. Hobgood,* 243 N.C. 227, 230, 90 S.E. 2d 541, 543-544.

Reversed.

Judges MORRIS and GRAHAM concur.